Jacqueline Williams, In Pro Se
1062-55th Street, Apt A
Oakland, Ca. 94608

**E-filing**



FILED

MAR - 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

In The United States District Court, For the Northern District of California

# C08-01238 JSW

Williams

    Plaintiff/Petitioner(s)

ADR

    Vs.

Oakland Housing Authority

    Defendant/Respondent(s)

-----------------------------------

    Plaintiff Jacqueline Williams, an African-American female that is suing the

following defendant(s) Oakland Housing Authority. Plaintiff alleges that the

defendant(s) organized failed to practice State, entity and political subdivision,

organized and with the law of the State of California within its principal place of

business in the County if Alameda. The defendant(s) Oakland Housing Authority

committed acts and omission alleges in this complaint. Plaintiff alleges that each

defendant(s) Oakland Housing Authority is legally responsible for the occurrence in

this complaint and each defendant proximately cause damages, with plaintiff allege.



Plaintiff filed lawsuit against Housing Authority of the City of Oakland "AKA"

Oakland Housing Authority on and about in 2004 Case No: RG 0418951 (See copy)

Exhibit A Page 1 of 8. Plaintiff cannot find the original document of the lawsuit, with

the lawsuit plaintiff complaint with the City of Oakland concern the owner of 412-

45th Street, Oakland, Ca. 94609, Notice to Abate (See copy) Exhibit B Page 1 of 4

include with picture of the place where plaintiff live page 1 of 3. The judge in this

case ask plaintiff to drop the lawsuit because Counsel Diamond help plaintiff to move,

which plaintiff disagrees? On and about October 17, 2007, Case No: RG 066293927,

plaintiff filed another lawsuit against Oakland Housing Authority, the Housing

Authority of the City of Oakland finally accept the lawsuit after so many attempt to

serve by Alameda County Sheriff's Department (See copy) Exhibit C Page 1 of 14.

The case was assign to Judge Winifred Y. Smith on and about July 1, 2007, (See copy)

Exhibit D Page 1 of 5, the case has many Case Management Conference with

Judge Smith with Counsel, Plaintiff, plaintiff also show cause when Counsel

Diamond called was lying and was confront by plaintiff do to Counsel remark (See

copy) August 10, 2007, Exhibit E Page 1 of 14. One particularity Case Management

Conference that raise question with plaintiff on about September 7, 2007 and October

15, 2007, where there was difference location with the same date and time. (See copy)

Exhibit F Page 1 of 12, Sept, Oct of 07  Plaintiff also notice in document how Counsel

Diamond reference to plaintiff as being ignorance again plaintiff speech impediment

and plaintiff also had a disease called Glaucoma for thirty years and plaintiff eye is not

getting any better. In addition, plaintiff received paper work from Oakland Housing

Authority for the first time called Annual Recertification Package going the paper

plaintiff notice question that Oakland Housing Authority asking the Client. (a) Have
you or any person living in your household engages in any criminal activity such as illegal
use, possession, or distribution of a controlled substance and/or violent criminal activity
within the last three years? (b) Are you or any person in the household? subject to a lifetime
registration requirement under any states sex offender program. ( c) have you or any person
in the household been arrested or convicted for the manufacturing of Methamphetamines.
Counsel Diamond who is another immigrate who believe plaintiff have lack of
education or knowledge, not unawareness and do not know how to analysis, plaintiff
filed charge against the judge with Commissioner Judicial on Performance or
misconduct and other charges. This case been in the Superior Court in addition,
plaintiff had not heard from the Court, nor Judge Smith or Counsel Diamond sends
last year in 2007. Plaintiff keeps in touch with Superior Court and filed update the
CMC. Plaintiff would like to inform the court that there is a defendant Almaraz on
and about November 2007, plaintiff had interview with Almaraz about Annual
Recertification and both parties sign paper, Almaraz went to the copy machine in
addition, took from ten minute to twenty minute to do copy. Plaintiff was walking
through the hallway, to exit the from door of Oakland Housing Authority in addition,
defendant Almaraz told plaintiff that Almaraz know plaintiff is using drug in
addition, plaintiff received another copy of the same document and outline shown
that defendant Almaraz, want plaintiff to repeating signed the same papers. Plaintiff
sign the paper again and with copy of income from social security and walk in the

paper, Almaraz refused to accept paper from social Security in November 07, plaintiff

put on the document that plaintiff do not give Oakland Housing Authority

permission at all. **Invasion of Privacy** the wrongful intrusion into a person's private

activities by other individuals or by government. **Tort Law** protects one's private

affairs with the public has no concern against unwarranted exploitation or publicity

that causes mental suffering or humiliation to the average person. The right to be left

alone is not always superior to the rights of the public and it may or may not exist or

may exist to a lesser degree with regard to the life of a public figure, such as a

politician or other person in whom the public has a rightful interest. The right to

personal privacy is encompassed as an aspect of liberty protected against government

interference by the Constitution's **due process** clause. Some of the personal decisions

protected from unwarranted government interference include decisions relating to

marriage, procreation, contraception. Family relationships, child rearing, and

education.432 U.S. 678. Honorable you had unqualified defendant that work for

Oakland Housing Authority on the internet and collect data information from credit

and other information. Defendant Almaraz and state on a paper that plaintiff signed

on 1/5/05, (See copy) 2/15/08 which is another lie, Almaraz plaintiff start getting the

document in October12, 2006, the first time. Defendant mail plaintiff two letter and

terminate plaintiff Section 8 on and about March 31, 2008, (See copy) due to race and

because defendant Almaraz another immigrates did not like how plaintiff keeps the

defendant in place. Plaintiff request hearing with defendant Oakland Housing

Authority on about February 22, 08; and filed an update in the CMC and add the

defendant Almaraz, the same day. Honorable you have Oakland Housing Authority

let clerk over see personal information on client you have the defendant tell "Black"

if want to move to another state you have to bring in birthday certificated, social

security card. Honorable, plaintiff is from New Orleans and after Hurricane Katrina

and situation in the south is not any better, and plaintiff informs the Oakland

Housing Authority and defendant did not care. Plaintiff also wants to bring to the

judge attention, how Counsel for the defendant told plaintiff, what Barbara Bush says

about the "Black" about Hurricane Katrina, the aftermath? Was not wrong and

plaintiff told counsel off. Honorable there is litigation is ongoing and no one from

Housing Authority of the City of Oakland "AKA" Oakland Housing Authority does

not care. Plaintiff found many lawsuit cases concern "Black" on the internet against

Oakland Housing Authority and Housing Authority through United State and

Secretariat HUD, Washington, DC, has many charges of violation against the

defendant(s) at Oakland Housing Authority. Plaintiff is asking the United States

District Court to help plaintiff solve this situation, because there are law are been

broken by Oakland Housing Authority staffs. Plaintiff filled other proof of allegation

against the defendant. The lawsuit is about is about <u>First Cause of Action Negligent</u>

<u>Infliction of Emotional Distress</u>  Defendant(s) incorporates all of the allegation s in

the preceding paragraphs as if fully set forth in this cause of action. Defendant(s)

Oakland Housing Authority knew, or should have reasonably know, that defendant

(s) failure to exercise due care in defendant(s) investigation. Defendant(s) Oakland

Housing Authority cause plaintiff physical and emotional distress, defendant Oakland

Housing Authority, knows, or should have know, that its conduct in ratifying the

actions of defendant(s) also cause, plaintiff severe physical and emotional distress.

Oakland Housing Authority know or should have know, that this conduct is ratifying

the actions of defendant(s) would also cause plaintiff severe physical and emotional

distresses. Second Cause of Action Civil Rights Violation (42 USC @ 1983)

Defendant(s) incorporates all of the allegations are the preceding paragraphs as it fully

set forth in this cause of action. Through the acts and omission described in this

complaint, defendant(s) Oakland Housing Authority deprived plaintiff of the rights,

privileges and immunities to which the constitution of the United States entitles

plaintiff. (1) this search and seizure amounted to an arbitrary intrusion by the

defendant(s) Oakland Housing Authority into plaintiff privacy, person, (2) it was not

authorized by law and (3) the contacts upon plaintiff restrictions of plaintiff

movements and damage to plaintiff life, liberty and property without the process of

law. Through the act and omissions which have been described above, defendant(s)

Oakland Housing Authority deprives plaintiff of the following constitutional rights,

which are clearly established and well settled? Third Cause if Action Wanton

Negligence Defendant(s) Oakland Housing Authority intentional act of unreasonable

known or so obvious that it must have been known and so great as to make it highly

probable that harm would follow. The act is usually accompanies by a conscious

indifference to the consequences amount almost to willingness that they shall follow

34 A. 2d 523. Defendant(s) Oakland Housing Authority committed the acts and

omission alleged in this complaint. Plaintiff alleges in this complaint and belief, each

defendant(s) is legally responsible in some manner. On and about November 2007,

plaintiff saw personal information in Plaintiff filed, concerning the lawsuit which

defendant(s) staff of Oakland Housing Authority should had that type of information

on an client, where defendant Almaraz subject that if, plaintiff need help to paid rent

for; do to disable here some information. Counsel Diamond was the one to give

defendant(s) this information due to the fact that plaintiff had hatred toward counsel

Diamond for racism remark all the time. Plaintiff brings up other concern in how

defendant(s) Oakland Housing Authority always threaten client if the client does not

do what defendant(s) want? **Fourth, Cause of Action Disabilities Acts Violation of**

**California's Unruh Civil Rights Act** Defendant(s) Oakland Housing Authority, actual

damage suffered is thus compensable Boemio v. Love's Restaurant, S.D. Cal 1997, 954

F. Supp, 204 Civil Right 1964. Counsel in the last lawsuit by the name James T.

Diamond, Jr. of Goldfarb & Lipman LLP @ 1300 Clay Street, Ninth Floor, City Center

Plaza, in Oakland, Ca. 94612, Counsel Diamond still believe plaintiff, is ignorance,

stupid. **Fifth, Cause of Action Neglect** Defendant(s) Oakland Housing Authority the

omission of proper attention; avoidance or disregard of duly from heedlessness,

failure to do, use or heed anything; negligence, as neglect of business, of health or of

economy. 10 A 2d 203, 205. Plaintiff was told by defendant Almaraz that plaintiff will

lost plaintiff Section 8 and paper state proves by defendant supervisor. Defendant(s)

Oakland Housing Authority shown sufficient causal connection between wrongful

conduct and constitutional violation, as require for imposition of liability less than

1983, may be established by showing unprofessed series of act by other, which knew

or reasonably should have known, would cause other to **Inflict injury 42 U.S.C.C.**

Plaintiff never any type of narcotics, matter of fact plaintiff ever saw Marijuana,

crack, Methamphetamines, "ICE" or no criminal activity, plaintiff never raps

children, teenage, male or female. Plaintiff stop smoking cigarette sixteen year ago

after plaintiff, father dies from lunge cancer, plaintiff want to inform the court that

plaintiff live below poverty. Plaintiff asking the court to investigate the many

problems at Oakland Housing Authority and why immigrated staff at Oakland

Housing Authority target "Black" client especially defendant Almaraz.Oakland

Housing Authority supervisor that manager the defendant needs to look into,

supervisor that cannot control what are ongoing issues, the owner Sander e-mail

plaintiff and inform plaintiff, Defendant Almaraz for Oakland Housing Authority

mail the owner Notice of Terminated March 31, 2008.

I declare under penalty under the law of the State of California that foregoing is true

and correct.

Dated: 1st of March 2008

Jacqueline Williams, In Pro Se

Exhibit A RG 0418951 12/16/04
Exhibit B  City if Oakland & Pictures of 412-45th Street
Exhibit C  RG 06293927   10/17/06
Exhibit D Judy Winifred Y. Smith 10/1/07
Exhibit E Counsel Diamond 7/13/07
Exhibit F  Plaintiff 8/10/07     8/7/07
Alameda County Sheriff's Department
Plaintiff's from doctor

Jacqueline Williams
412 -45th Street
Oakland, Ca. 94609
Plaintiff, In Pro Per

Superior Court Of California, County Of Alameda

Jacqueline Williams

Plaintiff,

vs.

Donald & Linda Williams

Defendant

Does 1 through 100

Case No: RG04185851

ENDORSED
FILED
ALAMEDA COUNTY

DEC 16 2004

CLERK OF THE SUPERIOR COURT
By _____ Deputy

Plaintiff Jacqueline Williams, an African-American female that is suing defendants Donald J. Williams, and Wife Linda Williams and defendants wife's two sons Erwin and Eric Harper. Organized failed to practice state, entity and political subdivision, organized and within the law of the State of California with its principal place of business in the City of Oakland, County of Alameda. Defendant committed the acts, and omission alleged in this complaint. Plaintiff entered a contract Donald J. Williams and Linda Williams, through Oakland Housing Authority plaintiff live sixteenth years with contract at 412-45th Street, Oakland, Ca. 94609 and within Sixteen years defendant has not done one thing, plaintiff having had heat for the place in 10 years, plaintiff porch light having work in 10 years, plaintiff's second room the wall socket blown-out two years ago and plaintiff again ask to have it

-1-

fixed with no avail at all. On and about November of 2002,
plaintiff ceiling started to leak sees exhibit 1 through 8
that will show the damages of this apt. Plaintiff repaired
back porch seven years ago, see exhibit 1 through 8will
show how damage the porch is, plaintiff also paid for paint
that cost $2,000 within the fifteen years and two years ago
plaintiff paid her son Lamont Williams to paint the second
room which was three different colors, plaintiff brushed
her teeth in the kitchen sink because the bathroom sink
doesn't work at all also plaintiff hired a friend that
painted the hallway and the front porch. Honorable Judge
what is so sad about this situation that this person is
don't care at all, but defendant Donald J. Williams and
Wife Linda Williams, defendant wife only come around when
her Marijuana smoking sons need food, when she go Costco
and bring the bags to her son, the defendant made sure that
her Marijuana Smoking sons had food in the house defendant
Linda Williams bought her sons refrigerator, stove, she
replaced the back apartment with a new floor. You name it
the defendant does it, but not one time any of the
defendants ever come-up-stairs and do one thing, plaintiff
also fell and broke my leg and still having operations and
see doctors for treatment such as shots and medication
because of Erwin Harper's pit-bull dog chased plaintiff.
Plaintiff, being talks about by defendant and labeled
plaintiff as a drug user and drug dealing, tramp, as well
as name-calling. My nephew Robert Williams hired my son to
fix downstairs plaintiff son, Lamont Williams started, but

-2-

defendants step-son, Erwin Harper told defendant wife Linda
Williams, defendants Donald J. Williams stop it and my
nephew was ask to move at once. Honorable Judge here we
have a defendants son one is thirty and twenty eight and
mind you the twenty eight old son doesn't work he stay home
and smoke Marijuana all days waiting for the older son to
come and do the same plaintiff complaint about Marijuana
smoking that it affect plaintiff asthma, since plaintiff
complaint to defendant son's is up all night jumping up and
down slamming their weight on the floor until 4a.m. Each
morning, plaintiff noticing that her car rug she keep under
her car is missing. Plaintiff smelled urine in plaintiff
mail box from defendant son's plaintiff filed another
lawsuit against Oakland Housing Authority about the rent
and plaintiff won, defendant kept the money which he was to
return back to plaintiff son Lamont Williams. Plaintiff
can't go and complain against the owner because Oakland
Housing Authority, would say move everybody doesn't have
$2,000 or 3,000 dollars to move this landlord and his wife
and son need to be put in jail from all their violations
against the law. Plaintiff alleges in the following, and
believe that each defendant is legally responsible in this
matter that plaintiff alleges in this complaint. On and
about May of 2004, defendant ask plaintiff to moved from
his property plaintiff, spent fifteen years of plaintiff
money on this property because defendant refused to do so.
Plaintiffs will not moved and defendant and Oakland Housing
Authority.

## First Cause of Action

## California Civil Code Section 51

States this section shall be known, and may be cited, as the Unruh Civil Right Act. All person within the jurisdiction of this State is free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability is entitled to the fully and equal accommodations, advantage, facilities, privilege, or services in all business establishment of every kind whatsoever. This section shall not be construed to confer any right or privilege on a persons which conditioned or limited by law or which applicable a like to person of every sex, color, race, religion, ancestry, national origin, or disability. This law states that plaintiff is entitled to equal treatment from defendant's and Oakland Housing Authority  "Make and force contract, the term" includes the making performance, modification, and termination of contracts, and the enjoyment of all benefits. The impairment by non-governmental discrimination and impairment under **Color of the States Law,** under this law no one is to be denied equal right because of race.

**Dennis v. 959,F.Supp. 1253, 1263, (C.D.Cal 1977).**

**California Legislature Takes a Bold Move against Slum Landlord.**

* Tenants-particularly low-income renters-have advocated for the changes prop 647 since last year, after many years of frustrated attempts to have exist code violation law enforced.

-4-

- Reduces allowed time from 60 to 35 days for repairs to be made-which are major health and safety violations as enumerated in Section 1941.1 - before protection kick in.

- Enables affirmative lawsuits against landlords in violation by increasing the statutory damages from &1,000 to 5,000, and allowing for recovery of cost.

## Second Cause of Action

## Civil Rights Violation (42 USC @ 1983)

Defendant's corporate the entire allegation in the proceeding paragraphs as it fully is the cause of defendant deprived plaintiff of the rights, privileges, and immunities to which the constitution of the United States entitles plaintiff. See, Goodman v. Lukens Steel co., 482 U.S. 656, 661-62, 107 S Ct. 2617, 2621-22, 96, L.ed. 2d 572 (1987). And each defendant proximately caused the damages which plaintiff alleges, at all times mentioned that defendant's were agency an/and employees acting within course and scope of their agency and/ or employment. Each defendant's ratified the acts of the other. **Violation of 42 USC @ Pursuant to Williams v. Horvath (1976) 16 c/d/ 834. Also see Evans v. McKay, 869 F. 2d 1441, 1433 (9th Cir.1989)**

## Third Cause of Action Negligence

Defendant's incorporate all to the allegation in these preceding paragraphs as set fully in this cause of action. Defendant's and all of them had a duly properly investigate whether defendant had committed any crime or misled defendant's breached this duty by failing to perform a proper investigation. Defendant's negligence is the

lordland's agent or maintain of the maintenance of the building. Damages amount $50,000 plus.

I declare under penalty of perjury of the law of the United States of California foregoing is true and correct.

Dated this 16 day of December, 2004

Jacqueline Williams
Plaintiff, In Pro Per



CITY OF OAKLAND
COMMUNITY & ECONOMIC
DEVELOPMENT AGENCY

Community and Economic Development Agency
Building Services
250 Frank H. Ogawa Plaza, 2nd Floor
Oakland, California 94612
(510) 238-3587

# NOTICE TO ABATE

To: _Williams, Donald J & Linda M_
_PO. Box   20461_
_Oakland, CA  94620-0461_

Date: _11/15/04_
R/S No.: _0405598_
Address: _412 45ᵗ St_
AP No.: _013-1144-013-01_

An inspection of your property was made on _10/25/04_.
Attached is a List of Violations which must be corrected within the required time frame and inaccordance with the codes and regulations of the City of Oakland. **Your failure to comply with this order by the compliance due dates(s) for** noted hazards(*), Non Hazards **may result in reinspection fee charges, all required enforcement costs, permits and related fees.** Substandard action may also be taken to vacate the premises should conditions warrant.

**Note:** You or your agent are required to be present at scheduled reinspections. Should you or your agent not keep the appointment or the work not be performed and accessible for inspection, you will be billed and notified of the next Fee-Charged Reinspection date. Should the bill not be paid within the prescribed time, a lien shall be recorded against the property for the amount of the bill plus a lien fee of $318.00. The fee for releasing a lien is an additional $159.00.

The first Fee Charged Reinspection is scheduled below. Morning appointments are from 9:00 a.m. to 12:00 p.m. Afternoon appointments are from 12:00 p.m. to 3:00 p.m. Reinspections made after the compliance due date are fee-charged at $280.00 per reinspection until compliance is achieved:

First Fee Charged Reinspection Date: _11/30/04_
Morning _____ Afternoon _✗_

By: _Rich Fielding_
Specialty/Combination Inspector/
Code Compliance/Building Services
Phone No.: (510) _238-6202_

Compliance Due Date: _11/30/04_
Second Fee Charged Reinspection: _12/14/04_
Morning _____ Afternoon _✗_

NOTICE TO ABATE (JSC)(07/03)

NOTICE TO ABATE List of violations attached

CITY OF OAKLAND *COMMUNITY AND ECONOMIC DEVELOPMENT AGENCY*
250 Frank H. Ogawa Plaza, Suite 2340, Oakland, CA 94612   Code Compliance Division
(510) 238-3102; FAX (510) 238-2959; TDD (510) 238-3254

Page __2__ of __4__

# NOTICE TO ABATE (Continuation)

Property Address: __412   45ᵗʰ St__

PTS Case No.: __0405598__          Date: __11/15/04__

| ITEM NO. | ** * | Life-threatening conditions requiring immediate correction / Hazardous conditions seriously affecting habitability | |
|---|---|---|---|
| 1 | ✳ | Inoperable wall furnace: OMC 15.08.260.A. Repair - mechanical permit may be required. | |
| 2 | ✳ | Deteriorated, unstable garage: OMC 15.08.340.C. Repair - permit required. | |
| 3 | ✳ | Deteriorated, damaged rear stair assembly: OMC 15.08.340.C. Repair | |
| 4 | ✳ | Inoperable receptacles, ceiling lights; extensive use of extension cord wiring: OMC 15.08.260.C. Repair/remove - electrical permit may be required. | |
| 5 | ✳ | Damaged bathroom sink (lack of trap): OMC 15.08.230.g, 15.08.340.F. Repair - plumbing permit may be required. | |
| 6 | ✳ | Unapproved water heater (installed without benefit of permit): OMC 15.08.340.F, | |

CITY OF OAKLAND *COMMUNITY AND ECONOMIC DEVELOPMENT AGENCY*
250 Frank H. Ogawa Plaza, Suite 2340, Oakland, CA 94612    Code Compliance Division
(510) 238-3102; FAX (510) 238-2959; TDD (510) 238-3254

Page __3__ of __4__

# NOTICE TO ABATE (Continuation)

Property Address: ____412   45ᵗʰ St____

PTS Case No.: __0405598__                    Date: __11/15/04__

| ITEM NO. | ** * | Life-threatening conditions requiring immediate correction / Hazardous conditions seriously affecting habitability | |
|---|---|---|---|
|  |  | 15.08.120, 15.08.140. Repair - plumbing permit required. | |
| 7 |  | Damaged wall cover at rear bedroom (dining room ceiling) (possible leakage); lack of wall cover at interior side of mail receptacle; damaged floor cover (tripping hazard); Kitchen sink counter not sealed to wall/damaged/ "splash" not sealed; wall damages (possible leak) at utility room; damaged ceiling cover @ living room; OMC 15.08.230.0, 15.08.230.g, 15.08.050. Repair. | |
| 8 |  | Delapidated, deteriorated, blighted shed at rear yard: OMC 15.08.340.C, 15.08.340.g, 8.24. Remove/repair. | |
| 9 |  | Deteriorated, rotted window trim: | |

CITY OF OAKLAND *COMMUNITY AND ECONOMIC DEVELOPMENT AGENCY*
250 Frank H. Ogawa Plaza, Suite 2340, Oakland, CA 94612    Code Compliance Division
(510) 238-3102; FAX (510) 238-2959; TDD (510) 238-3254

Page ___4___ of ___4___

# NOTICE TO ABATE (Continuation)

Property Address: _412  45ᵗʰ St_

PTS Case No.: _0405598_                    Date: _11/15/04_

| ITEM NO. | ** * | Life-threatening conditions requiring immediate correction Hazardous conditions seriously affecting habitability | |
|---|---|---|---|
| | | OMC 15.08.340.H, 8.24. Repair/replace. | |
| 10 | ✱ | Damaged threshold at rear door; | |
| | | Infestation: OMC 15.08.340.L, | |
| | | 15.08.230.g. Repair/eradicate. | |
| 1 | | Rear and side yards contain trash, | |
| | | debris, overgrown vegetation, open | |
| | | trench (at building drain), broken | |
| | | concrete; OMC 8.24. Cut/remove/ | |
| | | repair. | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |










412-45th St.



Bathroom
Sink
4mos

Back door
10yrs

Back porch
10yrs

**SUMMONS**
*(CITACION JUDICIAL)*

SUI

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY
2006 OCT 17 PM 3:45
CLERK OF THE SUPERIOR COURT
BY ALPHONSINE OATES

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

Housing Authority of The City
of Oakland

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Jacquelin Williams

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and h copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you wan court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthou nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you r lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to c attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por esi en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta po escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que u pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Corte California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no pr su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advert*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llam servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is: Superior Court, Alameda CASE NUMBER:
*(El nombre y dirección de la corte es):* 1212 Fallon Street County RG 06 29392

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: OCT 17 2006         Clerk, by _____ , D
*(Fecha)*                  *(Secretario)*                (A

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized pers

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§

American Legal
www.USCourtFi

982.1(1)

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Jacqueline Williams, In Proper
1062-55th Street # A
Oakland Ca. 94608

TELEPHONE NO:      FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

ENDORSED only
FILED
ALAMEDA COUNTY

2006 OCT 17 PM 3: 43

CLERK OF THE SUPERIOR COURT
BY ALPHONSINE OATES

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**

STREET ADDRESS: 1212 Fallon Street

MAILING ADDRESS:

CITY AND ZIP CODE: Oakland .Ca. 94612

BRANCH NAME:

PLAINTIFF: Williams.

DEFENDANT: Oakland Housing of the City of Oakland

[ ] DOES 1 TO ___100___

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

[ ] **AMENDED (Number):**

Type (check all that apply):

[ ] **MOTOR VEHICLE**    [ ] **OTHER** (specify):

    [ ] Property Damage    [ ] Wrongful Death

    [ ] Personal Injury    [X] Other Damages (specify): Discrimination

Jurisdiction (check all that apply):

[ ] **ACTION IS A LIMITED CIVIL CASE**

    Amount demanded   [ ] does not exceed $10,000

                [ ] exceeds $10,000, but does not exceed $25,000

[X] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**

[ ] **ACTION IS RECLASSIFIED by this amended complaint**

    [ ] from limited to unlimited

    [ ] from unlimited to limited

CASE NUMBER:

**RG06293927**

1. Plaintiff (name or names): Jacqueline Williams

alleges causes of action against **defendant** (name or names): Oakland Housing of the City Oakland

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult

   a. [ ] **except** plaintiff (name):

      (1) [ ] a corporation qualified to do business in California

      (2) [ ] an unincorporated entity (describe):

      (3) [ ] a public entity (describe):

      (4) [ ] a minor [ ] an adult

         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

         (b) [ ] other (specify):

      (5) [ ] other (specify):

   b. [ ] **except** plaintiff (name):

      (1) [ ] a corporation qualified to do business in California

      (2) [ ] an unincorporated entity (describe):

      (3) [ ] a public entity (describe):

      (4) [ ] a minor [ ] an adult

         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

         (b) [ ] other (specify):

      (5) [ ] other (specify):

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
982.1(1) [Rev. January 1, 2006]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

982.1(1)

| SHORT TITLE: Williams | CASE NUMBER: |
|---|---|
| Oakland Authority of the City of Oakland | |

4. ☐ Plaintiff *(name):*
    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
  a. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  c. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  b. ☒ **except** defendant *(name):*
    (1) ☒ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  d. ☐ **except** defendant *(name):*
    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☐ Doe defendants *(specify Doe numbers):* _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☐ Doe defendants *(specify Doe numbers):* _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
  a. ☐ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ has complied with applicable claims statutes, **or**
  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

982.1(1)

| SHORT TITLE: Williams | CASE NUMBER: |
| Oakland Authority of the City of Oakland | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☐ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☐ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 9/17/06

Jacqueline Williams
(TYPE OR PRINT NAME)

▶ Jacqueline W.W.
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

Jacqueline Williams, In Pro Per
1062-55th Street, Apt A
Oakland, Calif. 94608

Superior Court of the United State of California

In And For the County of Alameda

Jacqueline Williams

Plaintiff,

Vs.

Housing Authority of the City
Of Oakland

Defendant(s)

-----------------------------------------

Plaintiff Jacqueline Williams, an African-American female that is suing

defendant(s) Housing Authority of The City of Oakland. Plaintiff is informed and

believes and thereon alleges that each of fictitiously named defendant(s)

Oakland Housing Authority is responsible in some manner for the occurrences

alleged, and that plaintiff damages as herein alleged were proximately caused by

Oakland Housing Authority defendant. Plaintiff alleges the defendants Oakland

Housing Authority organized and failed to practice State, entity and political

subdivision, organized and with the law of the State of California with its principal

place of business in the City of Oakland, County of Alameda, Oakland Housing

Authority committed acts and omission alleged in this complaint. Plaintiff alleges

that each defendant is legally responsible for mailing documentation which one

stated **Personal Declaration** which, was outrageous in what defendant are

asking especially a "Black" people (See copy), that plaintiff received on and

about September 14, 2006.

**Declaration** at common law, the formal document setting forth plaintiff 's **cause of action,** which includes those facts necessary to sustain a proper cause of action and to advise defendant of the grounds upon which he is being sued. See 103 A. 228. A declaration may contain one or more **counts.** See 82 S.W. 115, 117-118

Plaintiff refused to answered the questions because it is a entrapment toward

plaintiff as a black person, plaintiff will give the judge in case some background

plaintiff, filed a lawsuit against Oakland Housing Authority **Case No: RG**

**04181629,** the lawyer in this case by the name of James T. Diamond was nice

and the judge ask me to drop the cased so plaintiff did plaintiff had problem with

Oakland Housing Authority all the times. Plaintiff been in the room at 1805

Harrison Street, Oakland, Ca. Defendant(s) talk to the plaintiff as if plaintiff was a

criminal, the racism remark, and how defendant always threaten plaintiff, plaintiff

remember one time that Oakland Housing Authority ask the plaintiff to take a

drug test; plaintiff refused too, and what really sad that the "Black employee" is

the worst of all, tell plaintiff to sign the papers, or defendant will drop plaintiff

section 8; defendant need to get court order against plaintiff, plaintiff being lie on

as well as paying defendant for stove that plaintiff owned, and the person who

threaten the plaintiff was another white employee that face and defendant

attitude shown the plaintiff just how racism Oakland Housing Authority is.

**Wanton Negligence** an intentional act of an unreasonable character in disregard of a risk known, or so obvious that it must have been known, and so great to make it highly probable that harm would follow the act it usually accompanied by a conscious indifference to the consequence amounting almost to willingness that they shall follow. 34A, 2d 523. The term "wanton " is used synonymously with WILLFUL AND RICKLESS conduct tends to take on the aspect of highly unreasonable conduct, or an extreme department from ordinary care in a situation where a high degree of danger is apparent. Prosser & Keeton, Tort 34 (5th ed. 1986).

Plaintiff know that the Oakland Housing Authority do not have any right to ask

plaintiff to sign this document it called invasion of private the city or state, local

federal or federal government knows that this is against. Plaintiff had another

laser operation on both eyes again due to the stress from Oakland Housing

Authority; plaintiff have a disease called Glaucoma as well as enlarge Heart

cause by defendant. This is a violation of the **Disability Law** state of being fully capable of performing all function, whether mental or physical. 258 N.W. 558,567. Any want of legal capacity such as infancy, insanity, or past criminal conviction which renders a person legally **incompetent.** 108 N.E. 275, 276. In property, one person's inability to alter a given legal relation with another person. Restatement, Property, 4a. The term is defined by statute for worker's compensation and social security purpose, and may include partial, permanent, temporary, of total disability, 288 P. 2d 31, 34.

Plaintiff are so tired the in the window remark which the law called **Wanton** grossly **negligent** or careless; extremely reckless, etc.; virtually synonymous with reckless. 5 So 2d 41, 45. **Willful** implies intent or purpose, while wanton expresses a reckless disregard of consequence. **88 A. 895, 896.**

Defendant(s) Oakland Housing Authority is play the **Civil Rights** right given, defined, and circumscribed by **positive laws** enacted by civilized communities. 252 N.E. 2d 463, 474. Civil right differ, in theory al least, from Civil Liberties in that civil rights are positive in nature, and civil liberties are negative in nature; that is , civil liberties are immunities from governmental interference or limitations on governmental action (such as those embodies in the First Amendment) which have the effect if reserving rights to individuals.

While plaintiff typing this lawsuit and a splash back from a documentary by Spike

Lee, on HBO in September of 06 and to see and heard President George Bush,

Mother Barbara Bush during an interview in the aftermath of Hurricane Katrina

September 5, 2005, in the Houston Astrodome.

Barbara Bush (Quota) **What I'm hearing which is sort of scary is they all wanna stay in Texas. Every body is so overwhelmed by the hospitality. And so many of the people in the arenas here, you know, were underprivileged any way. This is working very well for them**

in addition, to see formal President George Bush and formal President Bill

Clinton did not say one word. **"What Kodak Moment"** and the other good part to

see and heard New Media called plaintiff and other "Black" **Refugees.** Plaintiff

will turn this into a class action lawsuit because plaintiff and other are getting the

word out because most Black does not know the law or their right because

Oakland Housing Authority is not telling people. Defendant Oakland Housing

Authority is during the same as Chairwoman Patricia Dunn from Hp, who in the

hell the defendant believes they are. White live in the hills received Welfare, food

stamp medicare you name It, white get it, in Home Health Aide to clear up other

mess that white refused to do, Black cannot get a prompt education without

been put under a microscope all the plaintiff is saying bringing on we are

waiting for you and we will make history. Every New Media will get a copy of the

lawsuit, plaintiff is very tired of been harassed, calling plaintiff landlord and

asking for plaintiff telephone or cell-phone plaintiff do not have Oakland Housing

Authority employee, oh please do not tell plaintiff she not good enough, like

wide.

**Constitutional Right** individual liberties granted by state or the federal constitutions and
protected from governmental interference. 389 U.S. 258. Such rights are usually the judiciary
interprets those asserted by the minority; since the government instrument of the majority, the
legislative and the executive branches are usually sough to be checked by the supremacy of
constitutional provision.

**Violated Title VII of the 1964 Civil Right Acts, 42 U.S.C. 2000e** In so doing defendant(s) and
each of them acted with malice and reckless indifference to the right of plaintiff. Plaintiff has
suffered and continue to suffer humiliation, embarrassment from defendant Oakland Housing
Authority that has an affect on plaintiff heart.

I declare under penalty of perjury under the law of the State of California that the

foregoing is true and correct.

Dated: 14th of September 2006

Jacqueline Williams

In Pro Per

## Oakland Housing Authority
### Personal Declaration

**Head of Household** : JACQUELINE WILLIAMS     **Client Number** : 404548     **RX Month:** 2/1

**Address:** 1062 55TH STREET #A     City, State, Zip: OAKLAND, CA 94608

**Accommodation for Persons with Disabilities:**
The Housing Authority will make reasonable efforts to accommodate persons with disabilities. To request special accommodations; please contact your representative at least 3 days prior to your appointment.

**Language translation services are available in 151 languages at all offices at no cost.**

**Los servicios de traducción en 151 idiomas están disponibles en todos las oficinas sin ningún costo.**

所有辦公地點都會免費提供 151 種
的外語翻譯服務。

---

*Note: If you are completing this form for a person(s) with disabilities or an elderly person(s) or for someone who does not speak, read, or understand English, please provide your __name, address, and telephone number here:__*

Name: _____     PhoneNumber: _____

Address: _____ City: _____ State: _____ Zip: _____

---

**Instructions:**

> **Please print - Use a pen only**

This form must be completed in your own handwriting. You must print the **correct legal name** for each person in your household as it appears on the social security card, including live-in aides. **All adults (18 years or older)** of the household must sign this declaration certifying that all information is true and complete.

I. **Persons in Your Household**: List all **ADULTS AND MINORS** (including children who are 18 years or older and live-in aides) who are living in your home, listing yourself (head of household) first.

| Full Legal Name | Date of Birth | Relationship to Head of Household | Social Security Number |
|---|---|---|---|
| 1. | | **Head of Household** | |
| 2. | | | — — |
| 3. | | | — — |
| 4. | | | — — |
| 5. | | | — — |

OHA Form #290098          1 of 5          Initials of Head of Household ___ _

**YES  NO**

[  ]   Does any adult in the household attend school/college/vocational or technical training?
Name of Student:_____

**Name of School:**_____

**Address of School** _____City:_____Zip:_____

Students Only:
Do you receive the following?
YES  NO          YES  NO          YES  NO
[ ]   [ ] Cal Grants    [ ]  [ ] Work-Study    [ ]  [✓] Scholarships

Does the student reside in the household during the school year?  **YES** [ ] **NO** [ ]

[  ]   Do you pay for child care so you or a family member can work or go to school? If **"YES"**, please
list the child care provider:
Name:_____Amount paid per week: $_____

Address:_____City:_____Zip:_____

Phone Number:_____

[  ]   [ ] Is any portion of the childcare paid for by another person or agency? If "YES," by whom?
Name:_____ Amount: $_____

Address:_____City:_____Zip:_____

Phone Number:_____

[  ]   [ ] Is any adult participating in an employment training program? If "YES",  $Hell$ $no!$
explain:_____

Is anyone in the household reimbursed for any expenses while attending the
employment training program? [ ] Yes [ ] No

[ ] Is any household member a person with a disability? – If "YES," name(s) of person (s)
_____

Does this person or persons require a live-in-aide [ ] Yes     No

Name of potential live-in-aide:_____ Social Security Number:_____

Does this person require special accommodations due to the disability? [ ] Yes     No

**YES    NO**

[ ] **For Elderly and Disabled only** - Do you medical expenses that are not paid for by Medi-Cal or Medicaid or insurance? If yes, please provide paid medical receipts for the last 12 months.

[ ]    Do you or any person living in your household receive Medi-Cal or Medicaid?
If "YES," Name_____

[ ]    Have you or any other person in the household ever used any name(s) or social security number(s) other than the one listed on the Personal Declaration? If "YES,"
Name:_____

[ ]    Have you or any person living in your household engaged in any criminal activity such as illegal use, possession, or distribution of a controlled substance and/or violent criminal activity within the
last three years?

[ ]    Are you or any person in the household subject to a lifetime registration requirement under any state's sex offender program? **Name of Person(s)** _____

[ ]    Have you or any person in the household been arrested or convicted for the manufacturing of methamphetamines?

[ ]    Do you or any person in the household owe money to any housing authority?

[ ]    Are you or any member of your household an Oakland Housing Authority employee?
If "Yes," name of person(s) _____

[ ]    Are you or any member of your household related to an Oakland Housing Authority employee?
If "Yes," name of person (s)_____

---

**Office Use Only**
If the participant answers, "YES" to being an OHA employee or being related to an employee, the entire application must be given to the appropriate Department Director for review and further processing.

---

**V. Please check the primary language spoken by the head of household:**

Language: [X] English    [ ] Spanish    [ ] Chinese    [ ] Cambodian    [ ] Vietnamese
[ ] Other (specify)_____

**VI. Please check one or more of the following that applies to the head of household:**

[ ] White    [X] Black/African American    [ ] American Indian/Alaskan Native

[ ] Asian    [ ] Native Hawaiian/Other Pacific Islander

Is the head of household Hispanic?    [ ] Yes    [✓] No    _hell No_

**OHA Form #290098**    4 of 5    Initials of Head of Household _L_

## VII. Vehicles

| List all vehicles registered to your address: (year, make, model of vehicle) | License Plate Number | Name of the owner of the vehicle | Relationship to Head of Household |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

[ ] My Household does not own a vehicle.

Please provide emergency contact person:

Name: _____none_____ Phone: _____none_____

Address: _____none_____

I/we do hereby swear and attest that all of the information above about me and members of my household is true and correct. I/we certify that the Social Security Numbers listed are correct and have been assigned by the Social Security Administration. If no Social Security Number has been listed, I/we certify that none has been assigned. I/we understand that the Housing Authority will research public records and conduct computer matching searches, including the credit bureau to verify the information provided. I/we also understand that, Section 1001 of Title 18 of the United States Code makes it a criminal offense to make willful, false statements or misrepresentations to any department or agency of the United States as to any matter within its jurisdiction.

| | | hellno!. hell No! | |
|---|---|---|---|
| natu of Head of Household | Date | Phone Number | Cell Number |

| 1062 - 55th St #A | | Out | Ca | ?. |
|---|---|---|---|---|
| Address | | City | State | Zip |

| | | | |
|---|---|---|---|
| Signature of Adult #2 | Date | Signature of Adult #3 | Date |

| | | | |
|---|---|---|---|
| Signature of Adult #4 | Date | Signature of Adult #5 | Date |

| | | | |
|---|---|---|---|
| Signature of Adult #6 | Date | Signature of Adult #7 | Date |

Interview by: _____ Date_____
    Signature of Representative

## AUTHORIZATION RELEASE FORM

## CONSENT

authorize and direct any Federal, State, or local agency, organization, business, or individual to release to the Oakland Housing Authority any _ .ormation or materials needed to complete and verify my application for participation, and/or to maintain my continued assistance under the Section 8, Rental Rehabilitation, Low-Income Public Housing, and/or other housing assistance programs. I understand and agree that this authorization or the information obtained with its use may be given to and used by the Department of Housing and Urban Development (HUD) in administering and enforcing program rules and policies.

I also consent for the Oakland Housing Authority to release information from my file about my rental history to HUD or collection agencies This includes records on my payment history, and any violations of my lease or Oakland Housing Authority policies.

## INFORMATION COVERED

I understand that, depending on program policies and requirements, previous or current information regarding my household or me may be needed. Verifications and inquiries that may be requested, include but are not limited to:

|  |  |  |
|---|---|---|
| Identity and Marital Status | Employment, Income, and Assets | Credit and Criminal Activity |
| Residences and Rental Activity | Medical or Child Care Allowances | |

I understand that this authorization cannot be used to obtain any information about me that is not pertinent to my eligibility for and continued participation in a housing assistance program.

## GROUPS OR INDIVIDUALS THAT MAY BE ASKED

| | | |
|---|---|---|
| Previous landlords (including | Past and Present Employers | Schools and Colleges |
| Public Housing Agencies) | Welfare Agencies | Social Security Administration |
| Courts and Post Offices | State Unemployment Agencies | Law Enforcement Agencies |
| Medical and Child Care Providers | Support and Alimony Providers | Veterans Administration |
| Retirement Systems | Banks and other Financial | Utility Companies |
| | Institutions | Credit Providers and Credit Bureaus |

## COMPUTER MATCHING NOTICE AND CONSENT

I understand and agree that HUD or the Oakland Housing Authority may conduct computer-matching programs to verify the information supplied for my application or recertification. If a computer match is done, I understand that I have a right to notification of any adverse information found and a chance to disprove incorrect information. HUD or the Oakland Housing Authority may in the course of its duties exchange such automated information with other Federal, State, or local agencies, including but not limited to: State Employment Security Agencies; Department of Defense; Office of Personnel Management; the U.S. Postal Service; the Social Security Agency; and State welfare and food stamp agencies.

## CONDITIONS

I agree that a photocopy of this authorization may be used for the purposes stated above. The original of this authorization is on file with the Oakland Housing Authority. I understand I have a right to review my file and correct any information that I can prove is incorrect.

| SIGNATURES | | |
|---|---|---|
| _Signature_ | JACQUELINE WILLIAMS | 9/14/06 |
| Head of Household | (Print Name) | Date |
| _Signature_ | (Print Name) | Date |
| Adult Member | (Print Name) | Date |
| Adult Member | (Print Name) | Date |

Note: This general consent may NOT be used to request a copy of a tax return. If a copy of a tax return is needed, IRS Form 4506, "REQUEST FOR COPY OF TAX FORM" must be prepared and signed separately.

We are talking your employee, w/ the Hook-c

OHA250006 (2/03)    and the new did a story on,

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes
## Effective July 1, 2007

Case Number: RG06293927
Case Title:    Williams VS Housing Authority of the City of Oakland
Date of Filing: 10/17/2006

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

On July 1, 2007 this case will be assigned for all purposes to:

| | |
|---|---|
| Judge: | Winifred Y. Smith |
| Department: | 114 |
| Address: | Wiley W. Manuel Courthouse |
| | 661 Washington Street |
| | Oakland CA 94607 |
| Phone Number: | (510) 268-7658 |
| Fax Number: | (510) 267-1518 |
| Email Address: | Dept.114@alameda.courts.ca.gov |

Under direct calendaring, this case will be assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.) Because this notice is effective July 1, 2007, the parties are advised that the earliest possible deadline for a challenge pursuant to Code of Civil Procedure §170.6 is July 16, 2007.**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents filed after July 1, 2007, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Winifred Y. Smith
DEPARTMENT 114

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court , which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

(1) Counsel are expected to be familiar and comply with the Statement of Professionalism of the ACBA , www.acbanet.org. (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause. (3) Chambers copies of filings will not be accepted unless specifically requested by the Court. (4) Unrepresented litigants must also comply with the pertinent rules, cited above. (5) All references to "counsel" in this Order apply equally to self-represented litigants. The Court Maintains a Self-Help Center at the Wiley E. Manual Courthouse, 2nd Floor, 600 Washington St., Oakland. Telephone (510) 268-7221.

## Schedule for Department 114

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. The Court prefers that contacts with Department 114 be by e-mail with copies to all other counsel. Counsel must confer with opposing counsel before scheduling a hearing date.

- Trials generally are held: Mondays, Tuesdays, Thursday between 9:30 a.m. and 4:30 p.m.and Wednesdays between 10:00 a.m. and 4:30 p.m. A pre-trial conference may be scheduled two weeks before trial. Pretrial conferences will be at 2:00 p.m. on Fridays.

- Case Management Conferences are held: Tuesdays, Thursdays and Fridays at 9:00 a.m. Timely filed and complete case management conference statements are required and may eliminate the need for a hearing. Tentative Rulings will be available on the Court's website 3 days before the CMC.

- Law and Motion matters are heard: Wednesdays at 9:00 a.m. and Fridays at 9:30 a.m. Only 1 Demurrer and 1 Motion for Summary Judgment/Adjudication will be set on each calendar.

- Settlement Conferences are heard: Fridays at 10:00 a.m.

- Ex Parte matters are heard: Wednesdays and Fridays at 9:00 a.m. A maximum of 3 matters will be scheduled on each calendar. Urgent matters may be specially set by contacting the department.

- (1) Counsel should anticipate and attempt to resolve discovery and other disputes. (2) No discovery motion shall be filed without prior serious efforts to resolve the dispute. (3) A Mandatory Settlement Conferences will be scheduled approximately 30 days before trial. All parties with authority to settle must be personally present. The Court requests that the parties state an objection to the Direct Calendar judge conducting the settlement conference at the time the conference is scheduled.

**Law and Motion Procedures**

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact Department 31 for hearing dates before July 1, 2007 and the Direct Calendar Judge's department as follows for hearing dates after July 1, 2007:

- Motion Reservations for hearing dates after July 1, 2007
  Email:      Dept.114@alameda.courts.ca.gov
  Phone:     (510) 208-2951

  The Court prefers that reservations for the Law and Motion calendar be made by e-mail.

- Ex Parte Matters for hearing dates after July 1, 2007
  Email:      Dept.114@alameda.courts.ca.gov
  Phone:     (510) 208-2951

  The Court prefers that reservations for the ex parte calendar be made by e-mail.

**Tentative Rulings**

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 114
- Tentative Ruling Line after July 1, 2007: 1-866-223-2244

Dated: 05/21/2007                    Executive Officer / Clerk of the Superior Court

                                     By    _____
                                                    Deputy Clerk

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as attached hereto and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/22/2007

By     Justin Jullee

Deputy Clerk

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Williams VS Housing Authority of the City of Oakland | RG06293927 |

ADDITIONAL ADDRESSEES

Jacqueline Williams
1062 -55th Street
#A
Oakland, CA   94608-____

Goldfarb & Lipman LLP
Attn: Diamond, James T.
1300 Clay Street, Ninth Floor
City Center Plaza
Oakland, CA   94612

1  LEE C. ROSENTHAL, State Bar # 058778
   JAMES T. DIAMOND, JR., State Bar #131525
2  GOLDFARB & LIPMAN LLP
   1300 Clay Street, Ninth Floor
3  City Center Plaza
   Oakland, CA 94612
4  Telephone: (510) 836-6336
   Facsimile: (510) 836-1035
5
   Attorneys for Defendant
6  HOUSING AUTHORITY OF
   THE CITY OF OAKLAND
7
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                     IN AND FOR THE COUNTY OF ALAMEDA
9

10
   JACQUELINE WILLIAMS, in pro per,          Case No.: RG 06 293927
11
                  Plaintiff,                 MEMORANDUM OF POINTS AND
12                                           AUTHORITIES IN SUPPORT OF
                                             DEFENDANT'S MOTION TO STRIKE
13        ✓     vs.                          PORTIONS OF SECOND AMENDED
                                             COMPLAINT
14
                                             Date:        September 7, 2007
15  OAKLAND HOUSING AUTHORITY                Time:        9:30 a.m.
                                             Dept:        114
16                Defendant(s).              Reservation #: R732731
17                                           ASSIGNED FOR ALL PURPOSES TO
                                             JUDGE Winifred Y. Smith
18                                           DEPARTMENT 114
19

20  **I.    INTRODUCTION**

21         Defendant Housing Authority of the City of Oakland ("Defendant") hereby submits this

22  memorandum in support of its motion to strike portions of the Second Amended Complaint

23  ("SAC") of plaintiff Jacqueline Williams ("Plaintiff"). Plaintiff represents herself in pro per.

    Portions of Plaintiff's Second Amended Complaint contain irrelevant, improper and
24
    inflammatory language that should be stricken, and improperly seeks punitive damages against a
25
    public entity.
26
    **II.    STATEMENT OF RELEVANT FACTS**
27
           Concurrently with the filing of this motion, Defendant is filing a demurrer to the two
28

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Cal      94612
(510)   836336
(510) 836-1035 FAX

1  causes of action that it appears Plaintiff is alleging in this action. The Second Amended

2  Complaint, like the two prior pleadings, contains irrelevant and improper allegations which

3  should be stricken if the demurrer is not sustained.

4  On Page 1, at approximately lines 4-6,[1] Plaintiff alleges as follows: "... in addition not

5  surprise the that judge who was sign to this case question plaintiff intelligence. Defendant

6  Housing Authority of the City of Oakland "AKA" Oakland Housing Authority is real criminal in

7  the State of California."

8  On Page 1, at approximately lines 6-11, Plaintiff alleges as follows: "Example (1)

9  Oakland Housing Authority employee did a hook-up and was caught in the action in Oakland,

10  for a talent (2) Another talent on Section 8 lives in Antioch, California. Driving a $78,000 car, a

11  maid, nanny, and list goes on and on, the individual was not Black because the new media did

12  show a face, in addition the face was not front-page new paper. (3). Oakland Housing Authority

13  employee's in Berkeley stole millions of dollars, in addition took advantage of the dead who was

14  on housing."

15  On Page 1, at approximately lines 12-14, Plaintiff alleges as follows: "Counsel James T.

16  Diamond, Jr. Is a lie, deceitful? Plaintiff as the court number of times to sanction counsel with

17  no vail at all and fails to comply with the law. Plaintiff only heard from counsel one time,

18  plaintiff know plaintiff is not Paris Hilton."

19  On Page 1, at approximately lines 15-18, Plaintiff alleges as follows: "Plaintiff, also

20  inform Judge Winifred Y. Smith concerning plaintiff eye like also the judicial system do not had

21  difference laws went it come to Black."

22  On Page 3, in the Prayer for Relief No. 3, Plaintiff purports to make a claim for punitive

23  damages against Defendant, a public entity. Similarly, on Page 5, Prayer for Relief No. 4,

24  Plaintiff purports to make a claim for "exemplary and punitive damages" against Defendant.

25  On Page 5, in the Prayer for Relief No. 1, Plaintiff purports to assert that an injunction

26  should be entered against Defendant: "[1. For a preliminary injunction and a permanent

27

28

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Calif     94612
510    .338
510) 836-1035 FAX

---

[1] The pleading was not filed on lined paper.

1  injunction enjoining defendant and defendant's agent, servants, and employees, and all persons

2  acting under, in concert with, or for defendant from denying, aiding and inciting such denial, and

3  from making any discrimination, plaintiff did not accept and dispute the allegation. In addition

4  plaintiff refused to adaptation to accommodation, facilities, and services in defendant's business

5  establishment;]"

6  ## III.  ARGUMENT

7  ### A.  ALLEGATIONS NOT DRAWN IN CONFORMITY WITH CALIFORNIA
8  ### LAW ARE SUBJECT TO A MOTION TO STRIKE.

9  Motions to strike can be used to reach defects or objections to pleadings that are not

10  challengeable by demurrer. A complaint is subject to a motion to strike. Code Civ. Proc.,

11  § 435(a)(1). Code of Civil Procedure section 436 allows a court, upon a motion of a party, to

12  strike out any part of a pleading that contains irrelevant or improper matter, and to strike portions

13  of a pleading not drawn or filed in conformity with the laws of this state. Accordingly, the

14  portions of Plaintiff's Complaint not drawn or filed in conformity with California law should be

15  stricken.

16  ### B.  PLAINTIFF'S FACTUAL ALLEGATIONS SET FORTH ABOVE ARE
17  ### IRRELEVANT AND IMPROPER AND SHOULD THEREFORE BE
    ### STRICKEN.

18  Plaintiff appears to allege a claim for libel and for race discrimination on the part of the

19  Oakland Housing Authority in her Second Amended Complaint. The factual allegations set forth

20  above assert that the judge assigned to this matter questioned Plaintiff's intelligence; assert wild

21  and irrelevant accusations against unnamed employee's of Defendant; assert that Defendant's

22  employees in the City of Berkeley, of which there are none, committed illegal acts; and asserts

23  that counsel for Defendant is deceitful. These allegations are all irrelevant and improper and

24  should therefore be stricken pursuant to Section 436.

25  In addition to being irrelevant, to the extent that Plaintiff's allegations make improper

26  personal attacks such allegations are scandalous, and should therefore be stricken on these

27  grounds as well. *See Louknitsky v. Louknitsky* (1954) 123 Cal.App.2d 406, 412 (scandalous

28  matters alleged by pro se party in brief ordered stricken).

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
C~     94612
(51~,  ~3-6336
(510) 836-1035 FAX

1    Moreover, Plaintiff's prayer for injunctive relief, Prayer for Relief No. 1 on page 5 of the

2    SAC, is uncertain and unintelligible. This prayer should therefore be stricken. *See Continental*

3    *Baking Co. v Katz* (1968) 68 Cal.2d 512, 534 (an injunction must not be uncertain or

4    ambiguous).

### C.    DEFENDANT IS IMMUNE FROM LIABILITY FOR PUNITIVE OR EXEMPLARY DAMAGES.

7    Public entities like the Housing Authority of the City of Oakland are exempt from

8    liability for punitive damages. Government Code section 818 provides:

9    Notwithstanding any other provision of law, a public entity is not liable for
     damages awarded under Section 3294 of the Civil Code or other damages
10   imposed primarily for the sake of example and by way of punishing the
     defendant.

11   The motion to strike Plaintiff's improper claims for punitive damages to the extent they

12   purport to state a claim for such damages against Defendant should therefore be granted.

### IV.    CONCLUSION

14   For all these reasons, Defendant respectfully submits that its motion to strike portions of

15   Plaintiff's Second Amended Complaint should be granted without leave to amend.

16   DATED: July 13, 2007                          GOLDFARB & LIPMAN LLP

18
                                     By:
19                                          JAMES T. DIAMOND, JR.
                                            Attorneys for Defendant
20                                          HOUSING AUTHORITY OF
                                            THE CITY OF OAKLAND
21

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Cal      14612
(510)   -6336
(510) 836-1035 FAX

LEE C. ROSENTHAL, State Bar # 058778
JAMES T. DIAMOND, JR., State Bar #131525
GOLDFARB & LIPMAN LLP
1300 Clay Street, Ninth Floor
City Center Plaza
Oakland, CA  94612
Telephone: (510) 836-6336
Facsimile: (510) 836-1035

Attorneys for Defendant
HOUSING AUTHORITY OF THE CITY OF
OAKLAND

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JACQUELINE WILLIAMS, in pro per,<br><br>Plaintiff,<br><br>vs.<br><br>OAKLAND HOUSING AUTHORITY<br><br>Defendant(s). | Case No.: RG 06 293927<br><br>[PROPOSED] ORDER SUSTAINING DEFENDANT'S DEMURRER TO SECOND AMENDED COMPLAINT<br><br>Date:          September 7, 2007<br>Time:         9:30 a.m.<br>Dept:         114<br>Reservation #: R732730<br><br>**ASSIGNED FOR ALL PURPOSES TO JUDGE Winifred Y. Smith<br>DEPARTMENT 114** |

The Demurrer of defendant Oakland Housing Authority to Jacqueline Williams' Second Amended Complaint came on regularly for consideration before this Court on September 7, 2007.  The Court having considered all papers and arguments of counsel, and good cause appearing:

IT IS ORDERED that the defendants' Demurrer be **SUSTAINED** without leave to amend on the grounds that:

1) the Complaint is uncertain because it is <u>ambiguous and unintelligible and therefore</u> fails to state facts sufficient to constitute a cause of action;  [AND/OR]

: Law Offices of
ldfarb & Lipman

O Clay Street
h Floor
Center Plaza
land
94612
336
I 836-1035 FAX

2) the Complaint, and each cause of action stated therein, fails to state facts sufficient to constitute any cause of action against defendant Housing Authority of Oakland.

DATED: _____, 2007

_____
HON. WINIFRED SMITH
JUDGE OF THE SUPERIOR COURT

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Cal     94612
(5:      .336
(510) 835-1035 FAX

1 | LEE C. ROSENTHAL, State Bar # 058778
JAMES T. DIAMOND, JR., State Bar #131525
2 | GOLDFARB & LIPMAN LLP
1300 Clay Street, Ninth Floor
3 | City Center Plaza
Oakland, CA 94612
4 | Telephone: (510) 836-6336
Facsimile: (510) 836-1035
5

Attorneys for Defendant
6 | HOUSING AUTHORITY OF THE CITY OF
OAKLAND
7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF ALAMEDA

10

11 | JACQUELINE WILLIAMS, in pro per, | Case No.: RG 06 293927

12 | Plaintiff, | [PROPOSED] ORDER SUSTAINING
DEFENDANT'S DEMURRER TO
13 | | SECOND AMENDED COMPLAINT

14 | vs. | Date: September 7, 2007
Time: 9:30 a.m.
15 | | Dept: 114
OAKLAND HOUSING AUTHORITY | Reservation #: R732730
16

Defendant(s). | ASSIGNED FOR ALL PURPOSES TO
17 | | JUDGE Winifred Y. Smith
DEPARTMENT 114
18

19

20 | The Demurrer of defendant Oakland Housing Authority to Jacqueline Williams' Second

21 | Amended Complaint came on regularly for consideration before this Court on September 7,

22 | 2007. The Court having considered all papers and arguments of counsel, and good cause

23 | appearing:

24 | IT IS ORDERED that the defendants' Demurrer be **SUSTAINED** without leave to

25 | amend on the grounds that:

26 | 1) the Complaint is uncertain because it is ambiguous and unintelligible and therefore

27 | fails to state facts sufficient to constitute a cause of action; [AND/OR]

28

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Calif      94612
;51:      i336
;510) 836-1035 FAX

1    2) the Complaint, and each cause of action stated therein, fails to state facts sufficient to

2    constitute any cause of action against defendant Housing Authority of Oakland.

3

4    DATED: _____, 2007

5

6                                        HON. WINIFRED SMITH
                                         JUDGE OF THE SUPERIOR COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Cal     94612
5    336
510) 836-1035 FAX

[PROPOSED] ORDER SUSTAINING DEFENDANT'S DEMURRER TO SECOND AMENDED COMPLAINT
1169\24\463627.1

1   LEE C. ROSENTHAL, State Bar # 058778
    JAMES T. DIAMOND, JR., State Bar #131525
2   GOLDFARB & LIPMAN LLP
    1300 Clay Street, Ninth Floor
3   City Center Plaza
    Oakland, CA  94612
4   Telephone: (510) 836-6336
    Facsimile: (510) 836-1035
5
    Attorneys for Defendant
6   HOUSING AUTHORITY OF THE CITY OF
    OAKLAND
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF ALAMEDA

10

11  | JACQUELINE WILLIAMS, in pro per, | Case No.: RG 06 293927 |
    |---|---|
12  | Plaintiff, | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF |
13  | ✓ | DEFENDANT'S DEMURRER TO SECOND AMENDED COMPLAINT |
    | vs. | |
14  | | |
15  | | Date:          September 7, 2007 |
    | | Time:          9:30 a.m. |
16  | OAKLAND HOUSING AUTHORITY | Dept:          114 |
    | | Reservation #: R732730 |
17  | Defendant(s). | |
    | | ASSIGNED FOR ALL PURPOSES TO |
18  | | JUDGE Winifred Y. Smith |
    | | DEPARTMENT 114 |

19
    ## I.   INTRODUCTION/SUMMARY OF ARGUMENT
20

21          Defendant Housing Authority of the City of Oakland ("Defendant") hereby submits this

22  memorandum in support of its demurrer to the second amended complaint ("SAC") of plaintiff

23  Jacqueline Williams ("Plaintiff"). Plaintiff represents herself in pro per. Plaintiff's SAC in this

    action is a five page document excluding exhibits. The SAC appears to allege causes of action
24
    for libel and for violation of the Unruh Civil Rights Act. However, interspersed in these claims
25
    are irrelevant allegations, bracketed text apparently taken out of a form book but inserted without
26
    taking out brackets, and what appear to be claims for negligent infliction of emotional distress.
27
    None of the allegations allege a cognizable claim, and Plaintiff's second amended complaint
28

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Calif     94612
(51       i336
(510) 836-1035 FAX

1    should therefore be dismissed with prejudice because it, like Plaintiff's prior pleadings, is

2    uncertain and fails to state facts sufficient to constitute any cause of action.

3    ## II.    STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

4        Plaintiff initiated this action with the filing of an unnumbered, four-page declaration,

5    signed under penalty. After Defendant filed a demurrer to the complaint, Plaintiff filed her

6    amended complaint.

7        Defendant filed a demurrer and a motion to strike Plaintiff's initial amended complaint.

8    On June 8, 2007, this Court sustained Defendant's demurrer in its entirety, granted Defendant's

9    motion to strike in its entirety, and granted Plaintiff leave to file a further amended complaint.

10    Defendant will refer to this pleading as the "Second Amended Complaint" (SAC).

11        The SAC does not denominate any particular cause of action in "counts," but does

12    contain an introductory page followed by two two-page documents that appear to assert separate

13    claims for libel and for violation of the Unruh Civil Rights Act.

14        The text of the first introductory page is rambling. The page is riddled with irrelevant,

15    immaterial and scandalous assertions. The factual allegations on this page assert that the judge

16    assigned to this matter questioned Plaintiff's intelligence; assert wild and irrelevant accusations

17    against unnamed employee's of Defendant; assert that Defendant's employees in the City of

18    Berkeley, of which there are none, committed illegal acts; and asserts that counsel for Defendant

19    is deceitful.

20        The second and third pages of the SAC appear to be an attempt to allege a cause of action

21    for libel. The purported basis for this claim is that Plaintiff received an Annual Recertification

22    Package from Defendant seeking information from her and consent to obtain information from

23    her. (SAC at ¶¶ 5-7 of libel cause of action.) The package of documents, attached as an exhibit

24    to the SAC, show that Defendant sought this information from Plaintiff in order to recertify

25    Plaintiff for Section 8 housing assistance. (SAC, last six pages of exhibits.)

26        In a second paragraph numbered 7 of the second and third pages, on the third page of the

27    SAC, Plaintiff alleges: "7. The following statements are false as they apply to the plaintiff: {set

28    forth specific false statements}". No further allegations are made in this paragraph.

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
California    94612
Telephone    (510)    838-
6336
(510) 836-1035 FAX

1    Instead, Plaintiff baldly asserts that the document Plaintiff received, the recertification

2    package apparently, "is libelous on its face." (SAC at ¶ 8 of libel cause of action.)

3    As for the alleged publication of the recertification package, Plaintiff alleges that she

4    herself disclosed the materials to her landlord. (SAC at ¶ 9 of libel cause of action.)

5    Finally as to the libel cause of action, Plaintiff seeks damages not only for libel, but also

6    "in addition negligent infliction of emotional distress." (SAC at ¶ 11 of libel cause of action.)

7    The fourth and fifth pages of the SAC appear to be an attempt to allege a cause of action

8    for violation of the Unruh Civil Rights Act. Here, Plaintiff asserts that she was told that if she

9    did not sign the pages of the recertification package she would be terminated from the program.

10    (SAC at ¶ 5 of Unruh Act claim.) Plaintiff does not allege that she was evicted. Instead,

11    Plaintiff cryptically asserts:

12       6. Plaintiff [allege protected characteristic of plaintiff enumerated in Act or which is an
   arbitrary basis for discrimination, e.g. Plaintiff is Black (a person of the black race) and

13       negligent infliction of emotional distress.

14       7. Plaintiff [allege that plaintiff's characteristic was the reason for the act of
   discrimination, e.g., (Plaintiff is informed and believes and thereon alleges that )

15       (D)defendant, and each of them, denied to plaintiff , and privileges provided to other
   persons, as alleged above, on account of plaintiff's race origin and disability in addition

16       negligent infliction of emotional distress.

17    (SAC at ¶¶ 6-7 of Unruh Act claim.) Plaintiff does not allege that persons outside her race or

18    national origin, or non-disabled persons, were not required to fill out the same recertification

19    package.

20    Finally, Plaintiff does not allege in the SAC facts demonstrating compliance with the

21    government Tort Claims Act, or facts excusing compliance with the Act.

22    **III.    ARGUMENT**

23    

    **A.    DEMURRER IS APPROPRIATE IN THIS CASE.**

24    For purposes of testing the sufficiency of the cause of action, the demurrer admits the

25    truth of all material facts properly pleaded. The court, however, does not assume the truth of

26    contentions, deductions or conclusions of law. *Aubrey v. Tri-City Hospital Dist.* (1992)

27    2 Cal.4th 962, 966-67. Moreover, the allegations are not accepted as true if they contradict or

28    are inconsistent with facts judicially noticed by the court. *Del E. Webb Corp. v. Structural*

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Calif     94612
(51\     338
(510) 836-1035 FAX

1   LEE C. ROSENTHAL, State Bar # 058778
    JAMES T. DIAMOND, JR., State Bar #131525
2   GOLDFARB & LIPMAN LLP
    1300 Clay Street, Ninth Floor
3   City Center Plaza
    Oakland, CA 94612
4   Telephone: (510) 836-6336
    Facsimile: (510) 836-1035
5
    Attorneys for Defendant
6   HOUSING AUTHORITY OF
    THE CITY OF OAKLAND
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF ALAMEDA

10

11  JACQUELINE WILLIAMS, in pro per,          Case No.: RG 06 293927

12              Plaintiff,                     DEFENDANT'S NOTICE OF DEMURRER
                                              TO SECOND AMENDED COMPLAINT
13
                vs.                           Date:        September 7, 2007
14                                            Time:        9:30 a.m.
                                              Dept:        114
15                                            Reservation #: R732730
    OAKLAND HOUSING AUTHORITY
16                                            ASSIGNED FOR ALL PURPOSES TO
                Defendant(s).                 JUDGE Winifred Y. Smith
17                                            DEPARTMENT 114

18

19        TO EACH PARTY AND ATTORNEY OF RECORD IN THIS ACTION:

20        PLEASE TAKE NOTICE THAT the Demurrer served and filed herewith has been set for

21  hearing on September 7, 2007, at 9:30 a.m., or as soon thereafter as counsel can be heard, in

22  Department 114 of this Court, located at 661 Washington Street, Oakland, California 94607.

23  DATED: July 13, 2007                      GOLDFARB & LIPMAN LLP

24

25                                  By:  _____
                                         JAMES T. DIAMOND, JR.
26                                       Attorneys for Defendant
                                         HOUSING AUTHORITY OF
27                                       THE CITY OF OAKLAND

28

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Calif·     94612
(510)    ·336
(510) 836-1035 FAX

## PROOF OF SERVICE BY MAIL

Superior Court of Alameda County
*Williams v. Oakland Housing Authority*, Case number RG 06-293927

I, Konni S. Stalica, certify and declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 1300 Clay Street, Ninth Floor, City Center Plaza, Oakland, California 94612, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 13, 2007, at my place of business at Oakland, California, a copy of the following document(s),

1) Notice of Demurrer to Second Amended Complaint

2) Demurrer to Second Amended Complaint

3) Memorandum of Points and Authorities in Support of Demurrer to Second Amended Complaint

3) [Proposed] Order Sustaining Demurrer to Second Amended Complaint

was (were) placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, addressed to:

Jacqueline Williams
1062-55th Street, Apt. A
Oakland, CA 94608

*Plaintiff in Pro Per*

and that envelope was placed for collection and mailing on that date following ordinary business practices.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 13, 2007.

Konni S. Stalica

1  | LEE C. ROSENTHAL, State Bar # 058778
2  | JAMES T. DIAMOND, JR., State Bar #131525
   | GOLDFARB & LIPMAN LLP
3  | 1300 Clay Street, Ninth Floor
   | City Center Plaza
   | Oakland, CA 94612
4  | Telephone: (510) 836-6336
   | Facsimile: (510) 836-1035
5  |
   | Attorneys for Defendant
6  | HOUSING AUTHORITY OF
   | THE CITY OF OAKLAND
7  |
8  |
9  |
   | SUPERIOR COURT OF THE STATE OF CALIFORNIA
10 |
   | IN AND FOR THE COUNTY OF ALAMEDA
11 |
12 |

| | |
|---|---|
| 13  JACQUELINE WILLIAMS, in pro per, | Case No.: RG 06 293927 |
| 14           Plaintiff, | DEFENDANT'S DEMURRER TO SECOND AMENDED COMPLAINT |
| 15  vs. | Date:        September 7, 2007 |
| 16  OAKLAND HOUSING AUTHORITY | Time:        9:30 a.m. Dept:        114 |
| 17           Defendant(s). | Reservation #: R732730 |
| 18 | |
| 19 | ASSIGNED FOR ALL PURPOSES TO JUDGE Winifred Y. Smith |
| 20 | DEPARTMENT 114 |

21  Defendant Housing Authority of the City of Oakland (the "Authority") hereby demurs to

22  the Amended Complaint filed by plaintiff Jacqueline Williams ("Plaintiff"), on the following

23  grounds:

24      1.      The Second Amended Complaint is uncertain, ambiguous and unintelligible.

25  Code Civ. Proc., § 430.10(f).

26      2.      The purported cause of action for libel fails to state facts sufficient to constitute a

27  cause of action. Code Civ. Proc., § 430.10(e).

28      3.      The purported cause of action for violation of the Unruh Civil Rights Act fails to

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Califo---  94612
(51--  --38
(510) 836-1035 FAX

1

1  state facts sufficient to constitute a cause of action. Code Civ. Proc., § 430.10(e).

2      4.    The Second Amended Complaint, to the extent that it seeks to allege common law

3  tort claims against the Authority, fails to state facts sufficient to constitute a cause of action

4  because Plaintiff does not allege compliance with the Government Tort Claims Act. Code Civ.

5  Proc., § 430.10(e).

6  DATED: July 13, 2007                         Respectfully submitted,

7                                              GOLDFARB & LIPMAN LLP

8

9                                 By: *James Diamond*

10                                    JAMES T. DIAMOND, JR.
                                  Attorneys for Defendant
                                  HOUSING AUTHORITY OF

11                                    THE CITY OF OAKLAND

12

13

14

15

16

17

18

19

20

21

22

23

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Calif  94612
(51    J36
(510) 836-1035 FAX

24

25

26

27

28

Jacqueline Williams, In Pro Se
1062-55ᵗʰ Street, Apt A
Oakland, Ca. 94608

ENDORSED
FILED
ALAMEDA COUNTY

AUG 0 7 2007

CLERK OF THE SUPERIOR COURT
By KMEL DHᴿⁱⁱₒ Deputy

Superior Court of California, County of Alameda

Wiley W. Manuel Courthouse

Williams

    Plaintiff/Petitioner(s)

Vs.

Housing Authority of the City of Oakland

    Defendant/Respondent(s)

---------------------------------------------

Case No: RG 06 293927
Case Management Conference
Updated
Judge Winifred Y. Smith
Dept: 114

Plaintiff are updating the situation in this matter, Plaintiff are not asking Alameda County Sheriff has to serve Goldfarb Lipman Attorneys to Counsel James T. Diamond, Jr. For Housing Authority for the City of Oakland, "AKA" Oakland Housing Authority, because it is never effectuated at 1300 Clay Street, Ninth Floor, Oakland, Ca. 94612, and Counsel Diamond inform his staff not to accept any service from Alameda Sheriff's Department.

Plaintiff will mail the document by Certified, plaintiff receive documentation from Counsel Diamond in asking Judge Winifred Y. Smith, to dismiss portions of plaintiff second amended. Defendant(s) Notice of Motion and Motion to Strike Portions of Second Amended Complaint, (See copy) Exhibit A.

In addition second set Interrogatories, Exhibit B with Defendant(s) First Demand for Inspection of Documents. (See copy) Counsel Diamond is asking for a hearing with Judge Winifred Y. Smith. In Dept 114, for September 7, 2007, at 9:30 A.M. Plaintiff will be at the hearing only if Judge Winifred Y. Smith, order plaintiff to show up at the hearing.

Plaintiff will go the Post Office; to certified copy to Counsel Diamond plaintiff also want to address how Counsel Diamond wants to use the Judge Winifred Y. Smith, for counsel racism comment toward plaintiff as being ignorance. Plaintiff is asking Judge Winifred Y. Smith, to sanction Counsel for lying and filing the document that Judge Winifred Y. Smith, ask Counsel Diamond about.

In addition, Counsel Diamond want plaintiff to recopy the same document etc.. that both already had that concern Oakland Housing Authority. Judge Winifred Y. Smith, if any one want any type of information from the City of Oakland they had to paid for every pages. Plaintiff will charge Counsel Diamond a thousand dollar for each, in addition paid plaintiff on the hour by the hours, which will cost Counsel Diamond two thousand dollar.

Plaintiff would like to address that plaintiff do not need a trail or any jury to give a verdict on a legal case. Plaintiff trust Judge Winifred Y. Smith should make the decision in this case, with a closed courtroom with just the parties in lawsuit

I declare under penalty under the law of the State of California that the foregoing is true and correct.

Dated: 3 of August 2007

Jacqueline Williams, In Pro Se

Cc: Goldfarb Lipman, Attorneys
    James T. Diamond, Jr.
    1300 Clay Street, Ninth Floor
    Oakland, Ca. 94612

1  LEE C. ROSENTHAL, State Bar # 058778
   JAMES T. DIAMOND, JR., State Bar #131525
2  GOLDFARB & LIPMAN LLP
   1300 Clay Street, Ninth Floor
3  City Center Plaza
   Oakland, CA 94612
4  Telephone: (510) 836-6336
   Facsimile: (510) 836-1035
5
   Attorneys for Defendant
6  HOUSING AUTHORITY OF
   THE CITY OF OAKLAND
7

8

9
                       SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                         IN AND FOR THE COUNTY OF ALAMEDA
11

12

13  JACQUELINE WILLIAMS, in pro per,          |  Case No.: RG 06 293927

14                    Plaintiff,              |  DEFENDANT'S FIRST DEMAND FOR
                                             |  INSPECTION OF DOCUMENTS
15                    vs.

16  HOUSING AUTHORITY OF THE CITY OF
    OAKLAND,
17
                      Defendant(s).
18

19
    PROPOUNDING PARTY:           Defendant, Housing Authority of the City of Oakland
20
    RESPONDING PARTY:            Plaintiff, Jacqueline Williams
21
    SET NO.:                     One
22
           Defendant HOUSING AUTHORITY OF THE CITY OF OAKLAND ("Defendant")
23
    demands that Plaintiff JACQUELINE WILLIAMS produce and permit the inspection and
24
    copying of the following documents or other tangible items in accordance with Code of Civil
25
    Procedure section 2031.010 *et seq.* The production shall be on the thirtieth day after the date of
26
    service herein, at 10:00 a.m. in the Law Offices of Goldfarb & Lipman LLP, 1300 Clay Street,
27
    9th Floor, Oakland, CA 94612. If service was by mail, the date for production shall be extended
28

1   by five (5) days.

2       Response to this demand shall be signed under oath and shall be served on this office.

3                                **DEFINITIONS**

4       1.      As used in these Demands, "PLAINTIFF" or "YOU" or "YOUR" means and

5   refers to Plaintiff Jacqueline Williams, and her representatives or any other persons or entities

6   either acting or purporting to act on her behalf, whether presently or formerly.

7       2.      As used in these Demands, "COMMUNICATION" means any instance in which

8   words or information are transferred or transmitted between two or more PERSONS by whatever

9   manner or means, and regardless of how or by whom the COMMUNICATION was initiated,

10  including but not limited to, correspondence, conversation, instructions, meetings, requests,

11  demands, and conferences.

12      3.      As used in these Demands, "DOCUMENT" or "DOCUMENTS" includes

13  WRITING and means and refers to any matter or thing, including but not limited to any

14  computer or other electronic media, which constitutes or contains an original or duplicate, as

15  those terms are defined respectively at sections 250, 255 and 260 of the Evidence Code, which

16  WRITING YOU have in YOUR possession, custody, or control whose subject matter, in whole

17  or in part, either directly or indirectly in any way pertains, relates, or refers to the subject matter

18  of the Demand.

19      4.      As used in these Demands, "RELATE TO" or "RELATING TO" shall be

20  construed in the broadest sense, and means and includes constituting, concerning, alluding to,

21  responding to, connected with, commenting on, with respect to, about, regarding, discussing,

22  involving, showing, describing, reflecting, analyzing, evidencing, or comprising.

23      5.      As used in these Demands, "DEFENDANT" means Defendant Housing Authority

24  of the City of Oakland and its employees.

25      6.      As used in these Demands, "SECOND AMENDED COMPLAINT" means the

26  amended complaint filed by Plaintiff on or about June 19, 2007 in this action.

27      7.      As used in these Demands, "WRITING" means and includes all written, recorded

28  or graphic materials, however produced or reproduced and whether or not privileged. This

.aw Offices of
farb & Lipman

Clay Street
, Floor
Center Plaza
·nd
   ·ϟ      ?
I 836-uʌ3B
I 836-1035 FAX

1   definition includes, but is not limited to, the meaning ascribed to that term at section 250 of the

2   Evidence Code including any and all originals, copies or drafts of any and all of the following:

3   memoranda, reports, studies, licenses, advertisements, brochures, circulars, pamphlets, accounts,

4   records, notes, assignments, escrow instructions, notices, requests for notice, deeds, deeds of

5   trust, promissory notes, summaries, schedules, contracts or agreements, drawings, sketches,

6   charts, graphs, indexes, data sheets, invoices, orders or acknowledgements, calendars,

7   appointment books, diaries, forecasts or appraisals, correspondence, letters, telegrams, telexes,

8   e-mails, cables, tapes, transcripts or recordings, photographs, pictures or films, computer

9   programs or other data or graphic symbols, recorded or written material of any nature

10  whatsoever, in YOUR possession, custody, or control.

11      If any of the documents requested cannot be produced in full, YOU should produce the

12  same to the extent possible, specifying the reasons for YOUR inability to produce the remainder

13  and stating whatever information, knowledge, or belief YOU have concerning the unproduced

14  portion.

15      As to any document that is requested for which a privilege or other protection from

16  production or other disclosure is asserted, state the specific grounds for each privileged

17  document with particularity, including its date, all recipients thereof, its subject matter, and the

18  number of pages of which it consists, and identify each PERSON who, to the best of YOUR

19  knowledge and belief, has seen the document, including copies thereof, or who has knowledge of

20  the subject matter or contents thereof.

## DEMANDS FOR PRODUCTION OF DOCUMENTS

### DEMAND FOR INSPECTION NO. 1:

23      All documents that relate to any recertification packets you have received from the

24  Defendant, for all years you have received Section 8 benefits from or through Defendant.

### DEMAND FOR INSPECTION NO. 2:

26      All documents that relate to any other communications between you and Defendant,

27  including without limitation letters, memoranda, questionnaires, or notes.

aw Offices of
farb & Lipman

Clay Street
i Floor
Center Plaza
·nd
·y
836-⌐⌐⌐6
· 836-1035 FAX

28

**DEMAND FOR INSPECTION NO. 3:**

All documents that relate to the terms and conditions of your Section 8 tenancy.

**DEMAND FOR INSPECTION NO. 4:**

All documents that relate to other Section 8 or public housing tenants required by Defendant to complete recertification packets that you contend support any of the allegations in your Second Amended Complaint.

**DEMAND FOR INSPECTION NO. 5:**

All documents that you contend support, relate to or evidence your allegations in the Second Amended Complaint that Defendant libeled you.

**DEMAND FOR INSPECTION NO. 6:**

All documents that you contend support, relate to or evidence your allegations in the Second Amended Complaint that Defendant violated the Unruh Civil Rights Act.

**DEMAND FOR INSPECTION NO. 7:**

All documents that support, relate to or evidence your claims for special damages made by you in your Second Amended Complaint.

**DEMAND FOR INSPECTION NO. 8:**

All documents that support, relate to or evidence your claims for general damages made by you in your Second Amended Complaint, including without limitation medical reports and records, medical bills, prescriptions, insurance claims, disability claims, workers' compensation claims, bills and records for any medical, psychological or psychiatric treatment or counseling, and diary entries or other documentary evidence.

**DEMAND FOR INSPECTION NO. 9:**

All documents that support, relate to or evidence your claim for "statutory damages" made by you in your Second Amended Complaint.

**DEMAND FOR INSPECTION NO. 10:**

All documents that relate to your efforts to mitigate your damages.

**DEMAND FOR INSPECTION NO. 11:**

All documents identified by you in your response to defendant's Form Interrogatory No.

Law Offices of
Harb & Lipman

) Clay Street
h Floor
Center Plaza
··nd
) 836-····6
) 836-1035 FAX

1  12.4, served concurrently herewith.

2  **DEMAND FOR INSPECTION NO. 12:**

3  All notes of interviews of persons identified by you in your response to defendant's Form

4  Interrogatory No. 12.6, served concurrently herewith.

5  **DEMAND FOR INSPECTION NO. 13:**

6  All diaries, calendars, letters, personal notes, or memoranda relating to Defendant or any

7  of the allegations in Plaintiff's Complaint.

8  DATED:  July 23, 2007                          Respectfully submitted,

9                                                 GOLDFARB & LIPMAN LLP

10

11                                      By:

                                               JAMES T. DIAMOND, JR.
12                                             Attorneys for Defendant
                                               HOUSING AUTHORITY OF
13                                             THE CITY OF OAKLAND

14

15

16

17

18

19

20

21

22

23

Law Offices of
Harb & Lipman   24

) Clay Street   25
n Floor
Center Plaza    26
  d
    "           27
) 836-\_\_\_
) 836-1035 FAX  28

PROOF OF SERVICE BY MAIL

Superior Court of Alameda County
*Williams v. Oakland Housing Authority*, Case number RG 06-293927

I, Konni S. Stalica, certify and declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 1300 Clay Street, Ninth Floor, City Center Plaza, Oakland, California 94612, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 23, 2007, at my place of business at Oakland, California, a copy of the following document(s),

## Defendant's First Demand for Production of Documents

was (were) placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, addressed to:

Jacqueline Williams
1062-55th Street, Apt. A
Oakland, CA 94608

*Plaintiff in Pro Per*

and that envelope was placed for collection and mailing on that date following ordinary business practices.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 23, 2007.

Konni S. Stalica

Jacqueline Williams, In Pro Se
1062-55th Street, Apt A
Oakland, Ca. 94608

Superior Court of California, County of Alameda

Wiley W. Manuel Courthouse

Williams
    Plaintiff/Petitioner(s)

Vs.

Housing Authority of the City of Oakland
    Defendant/Respondent(s)

Case No: RG 06 293927
Plaintiff Object Opposing Notice
Of Motion to Strike Portion of
Second Amended Complaint
Date: September 7, 2007
Time: 9"30 A.M. Dept 114

**Introduction**

Jacqueline Williams the plaintiff, in this lawsuit receive two set of documentation
from Counsel Diamond. **The first set was Memorandum of point and Authorities in
Support of Defendant(s) Motion to strike Portions of Second Amended Complaint.
Exhibit A Page 1 of 23. The second set was Interrogation, Exhibit B Page 1 of 13, in
addition Defendant(s) first Demand for inspection of Documents Page 1 of 6. Exhibit
C**

Plaintiff object motion to quash portion of the Second Amended Complaint and it is
irrelevant to show how inappropriate and racism behavior defendant(s) and counsel
Diamond had toward plaintiff. In addition, show good caused how City, Local
Government, Federal Government, and the Stated target "Black".

Counsel Diamond is up-set about how plaintiff handled counsel concerning Hurricane
Katrina, and remark that was made. By Barbara Bush in Houston Astrodome on
September 5, 2005. Counsel Diamond believes plaintiff did not have any right to voice
plaintiff opinion.

In addition plaintiff still feel that Counsel Diamond and his family needs to take a trip,
to live in New Orleans Superdome drop by a rope, to experience the smell of the dead and
no water, no bath, food or clear cloths for a years.

criminal in addition always on television explain they criminal behavior are justify.
Plaintiff also question July 13, 2007, appeal of Counsel Diamond, in addition how
Counsel lie to the Judge Winifred Y. Smith about going straight to the court on Fallon
Street, to file the document on July 13, 2007, which was never file, the court need address
who need to take puberty drug test of Marijuana, Methamphetamines, Crack, Heroin.

Counsel Diamond demand document from plaintiff, the defendant(s) already had for
over twenty years, but if Counsel Diamond want plaintiff to recopy the same document. It
will cost Housing Authority of the City of Oakland, "AKA" Oakland Housing Authority
thousand dollar per page and two thousand on the hour by the hours. Plaintiff is aware
that the City of Oakland charge for their paper work on everything.

Plaintiff will not apologize about comment concerning Counsel Diamond, Counsel do
not have a problem. Reference to plaintiff as been ignorance because plaintiff had a
speech impidment plaintiff knows how it feels to be "Black". (Example)

In addition include the **New Media**, **Radio "disc jockey"** especially immigration play
a biggest part in calling Black **"Nigger", "Stupid" "Dummy", or "Nappy ------ -----".**
Honorable Judge Winifred Y. Smith, please, accept my apologize for the language;
plaintiff had so much hatred toward Counsel Diamond.

In addition, plaintiff is tired of individual as if Counsel Diamond believes defendant(s)
are "Above the Law". Counsel Diamond inappropriate and racism behavior, Counsel
Diamond makes "White" looks good in label of "Black", the City of Oakland could buy
plaintiff contract for million dollars.

It embraces all the multifarious means which ingenuity can devise to an advantage
over another. It include all surprise, trick, cunning, dissembling and unfair ways by which
another cheats at **law**, fraud must be provide, in equity it suffice to show fact; and it may
circumstances from which it may be presumed 425, P. 974, 978.

I declare under penalty under the laws of the State of California that the foregoing is true
and correct.

Dated: 3 of August 2007

Jacqueline Williams, In Pro Se

Cc: Goldfarb Lipman, Attorneys
      James T. Diamond Jr.
      1300 Clay Street, Ninth Floor
      Oakland, Ca. 94612

Exhibit's A Page 1 of 23

1   LEE C. ROSENTHAL, State Bar # 058778
    JAMES T. DIAMOND, JR., State Bar #131525
2   GOLDFARB & LIPMAN LLP
    1300 Clay Street, Ninth Floor
3   City Center Plaza
    Oakland, CA  94612
4   Telephone:  (510) 836-6336
    Facsimile:  (510) 836-1035
5
    Attorneys for Defendant
6   HOUSING AUTHORITY OF
    THE CITY OF OAKLAND
7
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                    IN AND FOR THE COUNTY OF ALAMEDA
9

10
    JACQUELINE WILLIAMS, in pro per,          Case No.:  RG 06 293927
11
              Plaintiff,                      MEMORANDUM OF POINTS AND
12                                            AUTHORITIES IN SUPPORT OF
                                              DEFENDANT'S MOTION TO STRIKE
13        vs.                                 PORTIONS OF SECOND AMENDED
                                              COMPLAINT
14
                                              Date:      September 7, 2007
15  OAKLAND HOUSING AUTHORITY                 Time:      9:30 a.m.
                                              Dept:      114
16            Defendant(s).                   Reservation #: R732731

17                                            ASSIGNED FOR ALL PURPOSES TO
                                              JUDGE Winifred Y. Smith
18                                            DEPARTMENT 114

19
    I.    INTRODUCTION
20
          Defendant Housing Authority of the City of Oakland ("Defendant") hereby submits this
21
    memorandum in support of its motion to strike portions of the Second Amended Complaint
22
    ("SAC") of plaintiff Jacqueline Williams ("Plaintiff").  Plaintiff represents herself in pro per.
23
    Portions of Plaintiff's Second Amended Complaint contain irrelevant, improper and
24
    inflammatory language that should be stricken, and improperly seeks punitive damages against a
25
    public entity.
26
    II.   STATEMENT OF RELEVANT FACTS
27
          Concurrently with the filing of this motion, Defendant is filing a demurrer to the two
28

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Cal    94612
(51.    6336
(510) 836-1035 FAX

1    causes of action that it appears Plaintiff is alleging in this action.  The Second Amended

2    Complaint, like the two prior pleadings, contains irrelevant and improper allegations which

3    should be stricken if the demurrer is not sustained.

4    On Page 1, at approximately lines 4-6,[1] Plaintiff alleges as follows: "... in addition not

5    surprise the that judge who was sign to this case question plaintiff intelligence.  Defendant

6    Housing Authority of the City of Oakland "AKA" Oakland Housing Authority is real criminal in

7    the State of California."

8    On Page 1, at approximately lines 6-11, Plaintiff alleges as follows: "Example (1)

9    Oakland Housing Authority employee did a hook-up and was caught in the action in Oakland,

10   for a talent (2) Another talent on Section 8 lives in Antioch, California.  Driving a \$78,000 car, a

11   maid, nanny, and list goes on and on, the individual was not Black because the new media did

12   show a face, in addition the face was not front-page new paper.  (3).  Oakland Housing Authority

13   employee's in Berkeley stole millions of dollars, in addition took advantage of the dead who was

14   on housing."

15   On Page 1, at approximately lines 12-14, Plaintiff alleges as follows: "Counsel James T.

16   Diamond, Jr. Is a lie, deceitful?  Plaintiff as the court number of times to sanction counsel with

17   no vail at all and fails to comply with the law.  Plaintiff only heard from counsel one time,

18   plaintiff know plaintiff is not Paris Hilton."

19   On Page 1, at approximately lines 15-18, Plaintiff alleges as follows: "Plaintiff, also

20   inform Judge Winifred Y. Smith concerning plaintiff eye like also the judicial system do not had

21   difference laws went it come to Black."

22   On Page 3, in the Prayer for Relief No. 3, Plaintiff purports to make a claim for punitive

23   damages against Defendant, a public entity.  Similarly, on Page 5, Prayer for Relief No. 4,

24   Plaintiff purports to make a claim for "exemplary and punitive damages" against Defendant.

25   On Page 5, in the Prayer for Relief No. 1, Plaintiff purports to assert that an injunction

26   should be entered against Defendant: "[1.  For a preliminary injunction and a permanent

27

28

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Calif    94612
(51    .336
(510) 835-1035 FAX

---

[1] The pleading was not filed on lined paper.

2


1 injunction enjoining defendant and defendant's agent, servants, and employees, and all persons

2 acting under, in concert with, or for defendant from denying, aiding and inciting such denial, a

3 from making any discrimination, plaintiff did not accept and dispute the allegation. In additior

4 plaintiff refused to adaptation to accommodation, facilities, and services in defendant's busines

5 establishment;]"

## III.    ARGUMENT

### A.    ALLEGATIONS NOT DRAWN IN CONFORMITY WITH CALIFORNI LAW ARE SUBJECT TO A MOTION TO STRIKE.

9 Motions to strike can be used to reach defects or objections to pleadings that are not

10 challengeable by demurrer. A complaint is subject to a motion to strike. Code Civ. Proc.,

11 § 435(a)(1). Code of Civil Procedure section 436 allows a court, upon a motion of a party, to

12 strike out any part of a pleading that contains irrelevant or improper matter, and to strike porti

13 of a pleading not drawn or filed in conformity with the laws of this state. Accordingly, the

14 portions of Plaintiff's Complaint not drawn or filed in conformity with California law should l

15 stricken.

### B.    PLAINTIFF'S FACTUAL ALLEGATIONS SET FORTH ABOVE ARE IRRELEVANT AND IMPROPER AND SHOULD THEREFORE BE STRICKEN.

18 Plaintiff appears to allege a claim for libel and for race discrimination on the part of th

19 Oakland Housing Authority in her Second Amended Complaint. The factual allegations set t

20 above assert that the judge assigned to this matter questioned Plaintiff's intelligence; assert wi

21 and irrelevant accusations against unnamed employee's of Defendant; assert that Defendant's

22 employees in the City of Berkeley, of which there are none, committed illegal acts; and asser

23 that counsel for Defendant is deceitful. These allegations are all irrelevant and improper and

24 should therefore be stricken pursuant to Section 436.

25 In addition to being irrelevant, to the extent that Plaintiff's allegations make improper

26 personal attacks such allegations are scandalous, and should therefore be stricken on these

27 grounds as well. *See Louknitsky v. Louknitsky* (1954) 123 Cal.App.2d 406, 412 (scandalous

28 matters alleged by pro se party in brief ordered stricken).

1    Moreover, Plaintiff's prayer for injunctive relief, Prayer for Relief No. 1 on page 5 of the

2    SAC, is uncertain and unintelligible. This prayer should therefore be stricken. *See Continental*

3    *Baking Co. v Katz* (1968) 68 Cal.2d 512, 534 (an injunction must not be uncertain or

4    ambiguous).

5    ### C.    DEFENDANT IS IMMUNE FROM LIABILITY FOR PUNITIVE OR
6    EXEMPLARY DAMAGES.

7    Public entities like the Housing Authority of the City of Oakland are exempt from

8    liability for punitive damages. Government Code section 818 provides:

9    Notwithstanding any other provision of law, a public entity is not liable for
     damages awarded under Section 3294 of the Civil Code or other damages
10   imposed primarily for the sake of example and by way of punishing the
     defendant.

11   The motion to strike Plaintiff's improper claims for punitive damages to the extent they

12   purport to state a claim for such damages against Defendant should therefore be granted.

13   ### IV.    CONCLUSION

14   For all these reasons, Defendant respectfully submits that its motion to strike portions of

15   Plaintiff's Second Amended Complaint should be granted without leave to amend.

16   DATED: July 13, 2007                          GOLDFARB & LIPMAN LLP

17

18

19                                           By:   JAMES T. DIAMOND, JR.

20                                                 Attorneys for Defendant
                                                   HOUSING AUTHORITY OF
21                                                 THE CITY OF OAKLAND

22

23

24   The Law Offices of
     Goldfarb & Lipman

25   1300 Clay Street
     Ninth Floor
26   City Center Plaza
     Oakland
27   Ca'      94612
     (51u)  ?6336
28   (510) 836-1035 FAX

POS-01

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Bar number, and address): | FOR COURT USE ONLY |
|---|---|

JACQUELINE WILLIAMS
1062 55TH STREET #A
OAKLAND, CA 94607

TELEPHONE NO.:                    FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):  IN PROPRIA PERSONA

ENDORSED
FILED
ALAMEDA COUNTY

APR -2 2007

CLERK OF THE SUPERIOR COURT
BY DOROTHY DUCKETT, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    ALAMEDA
STREET ADDRESS    1225 FALLON ST
MAILING ADDRESS
CITY AND ZIP CODE    OAKLAND, CA 94612
BRANCH NAME    RENE C DAVIDSON

PETITIONER/PLAINTIFF:  JACQUELINE WILLIAMS

RESPONDENT/DEFENDANT:  OAKLAND HOUSING AUTHORITY

CASE NUMBER

RG06293927

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No. <br> 2007-000758 |
|---|---|

(Separate *proof of* service is *required* for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    a. [X] summons
    b. [X] complaint
    c. [ ] Alternative Dispute Resolution (ADR) package
    d. [ ] Civil Case Cover Sheet (served *in complex cases only*)
    e. [ ] cross complaint
    f. [X] other (specify *documents):*    NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER

3. a. Party served (specify name *of* party as *shown on* documents served):  OAKLAND HOUSING AUTHORITY

    b. Person served:    [ ] party in item 3a    [X] other (specify name *and relationship to* the party named in item *3a):*
       FERNANDO VITAL-ADMINISTRATIVE ASSISTANT

4. Address where the party was served:
       1805 HARRISON ST., OAKLAND CA 94612

5.    I served the party (check proper box)

    a. [X] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to
       receive service of process for the party (1) on (date):    03/09/2007    (2) at (time): 10:45 AM

    b. [ ] by substituted service. On (date):    at (time):    I left the documents listed in item 2 with or
       in the presence of (name *and title* or relationship to *person indicated in* item *3b):*

       (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business
           of the person to be served. I informed him or her of the general nature of the papers.

       (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual
           place of abode of the party. I informed him or her of the general nature of the papers.

       (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
           address of the person to be served, other than a United States Postal Service post office box. I informed
           him or her of the general nature of the papers.

       (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
           at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
           (date):    from (city):    or [ ] a declaration of mailing is attached.

       (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PETITIONER/PLAINTIFF:  JACQUELINE WILLIAMS | CASE NUMBER |
|---|---|
| RESPONDENT/DEFENDANT:  OAKLAND HOUSING AUTHORITY | RG06293927 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):                       (2) from (city):

    (3) ☐ with two copies of the Notice and Acknowledgment of Receipt (form 982(a)(4)) and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt (form 982(a)(4).) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (specify means of service and authorizing code section):

    ☐ Additional page describing service is attached.

5. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of (specify):

    c. ☐ On behalf of (specify):

    under the following Code of Civil Procedure section:

        ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)

           416.20 (defunct corporation)       ☐ 416.60 (minor)

           416.30 (joint stock company/association)    416.70 (ward or conservatee)

           416.40 (association or partnership)      416.90 (authorized person)

        ☐ 416.50 (public entity)           ☐ 415.46 (occupant)

                                    ☐ other:

6. **Person who served papers**

    a. Name:  DEPUTY M. A. TAYLOR

    b. Address: 1225 FALLON ST RM 104, OAKLAND, CA 94612

    c. Telephone number:  510-272-6910

    d. **The fee** for service was: $  30.00

    e. I am:

        (1) ☒ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☐ registered California process server:

           (i) ☐ Employee or independent contractor.

           (ii) Registration No.:

           (iii) County:

☐ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

☒ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: MARCH 12, 2007

DEPUTY M.A. TAYLOR                   ▶ m. a. Taylor #1162

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)       (SIGNATURE)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | | | FOR COURT USE ONLY |
|---|---|---|---|
| JACQUELINE WILLIAMS<br>1062 55TH STREET #A<br>OAKLAND, CA 94608 | | | |
| TELEPHONE NO.: | FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | | |
| ATTORNEY FOR (Name):   IN PRO PER | | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS:   661 WASHINGTON STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:   OAKLAND, CA<br>BRANCH NAME:   WILEY W. MANUEL COURTHOUSE | | | |

| PLAINTIFF/PETITIONER: JACQUELINE WILLIAMS<br><br>DEFENDANT/RESPONDENT: HOUSING AUTHORITY OF THE CITY OF OAKLAND | CASE NUMBER:<br>RG06293927 |
|---|---|
| AFFIDAVIT OF ATTEMPTED SERVICE / DUE DILIGENCE | Ref. No. of File No:<br>200700758 |

1. I received the following papers on   :   JANUARY 24, 2007
                                           (date)
   SUMMONS & COMPLAINT

2. After due search, careful inquiry and diligent attempts at the dwelling house or usual place of abode and/or business, I have been unable to make personal delivery of said process on the following person(s) herein named,
   to wit:     name: HOUSING AUTHORITY CITY OF OAKLAND
              address: 1300 CLAY STREET – 9TH FLR – OAKLAND,  CA

3. Declaration of Reasonable Diligence.  Service attempts as follows:

   1st:  Date/Time: 01/30/2007        11:07  ☒ a.m.   ☐ p.m.
   2nd:  Date/Time:                          ☐ a.m.   ☐ p.m.
   3rd:  Date/Time:                          ☐ a.m.   ☐ p.m.

4. Remarks: HOUSING AUTHORITY NO LONGER AT ADDRESS GIVEN FOR SERVICE.

5. Person Attempting Service:                                6. Attempted Service Fee:
   DEPUTY M.A. TAYLOR
   Alameda County Sheriff's Office    ((510) 272-6810
   1225 Fallon Street, Room 104, Oakland, CA 94612

7. I am a California sheriff and I certify that the foregoing is true and correct.

# A. TAYLOR #1162

Date: January 31, 2007
                                          _____
                                          Sheriff's Authorized Agent
                                          Gregory J. Ahern, Sheriff-Coroner

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state barn number, and address):<br>JACQUELINE WILLIAMS<br>1062 55TH STREET #A<br>OAKLAND, CA 94608 | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state barn number, and address):
JACQUELINE WILLIAMS
1062 55TH STREET #A
OAKLAND, CA 94608

TELEPHONE NO.:                                      FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):     IN PRO PER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS:   661 WASHINGTON STREET
MAILING ADDRESS:
CITY AND ZIP CODE:  OAKLAND, CA
BRANCH NAME:  WILEY W. MANUEL COURTHOUSE

PLAINTIFF/PETITIONER: JACQUELINE WILLIAMS

DEFENDANT/RESPONDENT: HOUSING AUTHORITY OF THE CITY OF OAKLAND

CASE NUMBER:
RG06293927

**AFFIDAVIT OF ATTEMPTED SERVICE / DUE DILIGENCE**

Ref. No. of File No:
200700758

1. I received the following papers on     :   JANUARY 24, 2007
                                              (date)
                 NOTICE OF CASE MANAGEMENTCONFERENCE & ORDER

2. After due search, careful inquiry and diligent attempts at the dwelling house or usual place of abode and/or
   business, I have been unable to make personal delivery of said process on the following person(s) herein named,
   to wit:      name: HOUSING AUTHORITY CITY OF OAKLAND
                address: 1300 CLAY STREET – 9TH FLR – OAKLAND, CA

3. Declaration of Reasonable Diligence. Service attempts as follows:

   1st:  Date/Time: 01/30/2007          11:07  ☒ a.m.   ☐ p.m.
   2nd:  Date/Time:                             ☐ a.m.   ☐ p.m.
   3rd:  Date/Time:                             ☐ a.m.   ☐ p.m.

4. Remarks: HOUSING AUTHORITY NO LONGER AT ADDRESS GIVEN FOR SERVICE.

5. Person Attempting Service:                          6. Attempted Service Fee:
   DEPUTY M.A. TAYLOR
   Alameda County Sheriff's Office    ((510) 272-6810
   1225 Fallon Street, Room 104, Oakland, CA 94612

7. I am a California sheriff and I certify that the foregoing is true and correct.

Date: January 31, 2007                    $m. a. \mathcal{C}aylor$ # 1162

                                          Sheriff's Authorized Agent
                                          Gregory J. Ahern, Sheriff-Coroner

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | | FOR COURT USE ONLY |
|---|---|---|
| **Jacqueline Williams**<br>**1062 55th Street #A**<br>**Oakland, CA 94607**<br>E-MAIL | Telephone<br><br>FAX | |
| ATTORNEY FOR *(Name)*: | | |

| | | |
|---|---|---|
| **Alameda County Superior - Wiley Manuel - Oakland Limited Civil Branch** | | |
| STREET ADDRESS: | **661 Washington Street** | |
| MAILING ADDRESS: | | |
| CITY AND ZIP CODE: | **Oakland CA 94607** | |
| BRANCH NAME: | **Oakland Limited Civil Branch** | |
| **PLAINTIFF:** | **Jacqueline Willliams** | |
| **DEFENDANT:** | **Housing authority of the City of Oakland** | |

| | FILE NUMBER | COURT CASE NUMBER |
|---|---|---|
| **DECLARATION OF DILIGENCE** | **2007000758** | **RG06293927** |

**Declaration of attempts to personally serve: Housing Authority of the City of Oakland**

**1st: Date/Time: 1/30/2007 11:07 AM     Deputy: M.A. Taylor, Deputy**
**Addr: 1300 Clay Street - 9th flr Oakland CA 94612, Remark: Housing Authority no longer located at address given for service.**

DEA # _____

De Hieu Le, M.D.
312 - 13th Street
Oakland, CA 94612
510-839-2739
CA Lic No. A-35088

Name _____ Jacquelin William _____

Address 1062 - 35th St # 1A _____ Date 5/9/04

℞ (Please Print)

Mrs. Williams — after fall
multiple problem f-
HBP / anlar / glaucoma not
deg osteo arth .
No CZR but flu line

[signature] Michael

☐ Label

☐ DO NOT SUBSTITUTE

TO INSURE BRAND NAME DISPENSING,
CHECK AND INITIAL BOX.

11-APR-03                                                   M.D. _____

TR#30411.1001:4993:14.01.31610.0012

Jacqueline Williams, In Pro Se.
1062-55ᵗʰ Street, Apt A
Oakland, Ca. 94608

**ENDORSED FILED**
ALAMEDA COUNTY

AUG 1 0 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

Superior Court of California, County of Alameda

Wiley W. Manuel Courthouse

Williams

      Plaintiff/Petitioner(s)

Vs.

Housing Authority of the City of Oakland

      Defendant/Respondent(s)

------------------------------------------------

Case No: RG 06 293927
Case Management Conference Updated
Judge Winifred Y. Smith
Dept 114  6ᵗʰ Floor

Plaintiff are updating the situation in this case, plaintiff are answered the allegation by Counsel James T. Diamond, Jr. Plaintiff is lying about Housing Authority of the City of Oakland, "AKA" Oakland Housing Authority employee's real criminal behavioral and always on television justify their action.

Plaintiff also like to address Judge Winifred Y. Smith, in the matter of how Counsel Diamond always refer to plaintiff as being ignorance and plaintiff can not read or understand. Plaintiff is very tired of this immigration Counsel Diamond always making dermatology remark about "Black".

Plaintiff is submitted document from Counsel Diamond, Jr. Defendant(s) <u>Notice and Motion to Strike Portions of Second Amended Complaint</u>   Exhibit A Page 1 of 2, second page at the top (3).

Plaintiff is submitted Exhibit's B from Oakland Tribune "Front Page" Housing Director quits amid scandal, in Berkeley, Ca. for $25 million Page 1 of 5, June 6, 2007.*

In addition, plaintiff also submitting from Oakland Tribune about Antioch millionaire admits lying to get subsidized housing concerns another Section 8. Exhibit C Page 1 of 2.

1  LEE C. ROSENTHAL, State Bar # 058778
   JAMES T. DIAMOND, JR., State Bar #131525
2  GOLDFARB & LIPMAN LLP
   1300 Clay Street, Ninth Floor
3  City Center Plaza
   Oakland, CA 94612
4  Telephone: (510) 836-6336
   Facsimile: (510) 836-1035
5
   Attorneys for Defendant
6  HOUSING AUTHORITY OF
   THE CITY OF OAKLAND
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF ALAMEDA

10

11  JACQUELINE WILLIAMS, in pro per,          Case No.: RG 06 293927

12              Plaintiff,                     DEFENDANT'S NOTICE OF MOTION
                                              AND MOTION TO STRIKE PORTIONS
13                                            OF SECOND AMENDED COMPLAINT

14      vs.
                                              Date:      September 7, 2007
15                                            Time:      9:30 a.m.
                                              Dept:      114
16  OAKLAND HOUSING AUTHORITY                 Reservation #: R732731

17              Defendant(s).                 ASSIGNED FOR ALL PURPOSES TO
                                              JUDGE Winifred Y. Smith
18                                            DEPARTMENT 114

19      TO EACH PARTY AND ATTORNEY OF RECORD IN THIS ACTION:

20      PLEASE TAKE NOTICE THAT on September 7, 2007, at 9:30 a.m., or as soon

21  thereafter as counsel can be heard, in Department 114 of this Court, located at 661 Washington

22  Avenue, Oakland, California 94607, defendant Oakland Housing Authority (the "Authority")

23  will, and hereby does, move this Court for an order striking the following portions of plaintiff

24  Jacqueline William's ("plaintiff") Second Amended Complaint:

25      1.    Page 1, lines 4-6: "... in addition not surprise the that judge who was sign to this

26  case question plaintiff intelligence. Defendant Housing Authority of the City of Oakland "AKA"

27  Oakland Housing Authority is real criminal in the State of California."

28      2.    Page 1, lines 6-11: "Example (1) Oakland Housing Authority employee did a

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
Cal      94612
510     6336
510 836-1035 FAX

1    hook-up and was caught in the action in Oakland, for a talent (2) Another talent on Section 8

2    lives in Antioch, California. Driving a $78,000 car, a maid, nanny, and list goes on and on, the

3    individual was not Black because the new media did show a face, in addition the face was not

4    front-page new paper. (3). Oakland Housing Authority employee's in Berkeley stole millions of

5    dollars, in addition took advantage of the dead who was on housing."

6        3.    Page 1, lines 12-14: "Counsel James T. Diamond, Jr. Is a lie, deceitful?  Plaintiff

7    as the court number of times to sanction counsel with no vail at all and fails to comply with the

8    law.  Plaintiff only heard from counsel one time, plaintiff know plaintiff is not Paris Hilton."

9        4.    Page 1, lines 15-18: "Plaintiff, also inform Judge Winifred Y. Smith concerning

10   plaintiff eye like also the judicial system do not had difference laws went it come to Black."

11       5.    Page 3, Prayer for Relief No. 3: "3.  For punitive damages."

12       6.    Page 5, Prayer for Relief No. 4: "[4.  For exemplary and punitive damages;]"

13       7.    Page 5, Prayer for Relief No. 1: "[1.  For a preliminary injunction and a

14   permanent injunction enjoining defendant and defendant's agent, servants, and employees, and

15   all persons acting under, in concert with, or for defendant from denying, aiding and inciting such

16   denial, and from making any discrimination, plaintiff did not accept and dispute the allegation.

17   In addition plaintiff refused to adaptation to accommodation, facilities, and services in

18   defendant's business establishment;]"

19       This Motion is and will be made upon the grounds that the Complaint contains improper

20   and irrelevant matters and is not drawn or filed in conformity with the laws of this state.  Code of

21   Civil Procedure § 436.

22       This Motion is and will be based on this Notice, the Memorandum of Points and

23   Authorities, the Proposed Order, and all pleading and papers previously filed with the court.

24   DATED: July 13, 2007                    GOLDFARB & LIPMAN LLP

25

26                                   By:  _James Diamond_

27                                        JAMES T. DIAMOND, JR.
                                         Attorneys for Defendant
28                                        HOUSING AUTHORITY OF
                                         THE CITY OF OAKLAND

aw Offices of
farb & Lipman

Clay Street
Floor
enter Plaza
'd
94612
-J338
36-1035 FAX

2

## PROOF OF SERVICE BY MAIL

Superior Court of Alameda County
*Williams v. Oakland Housing Authority*, Case number RG 06-293927

I, Konni S. Stalica, certify and declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 1300 Clay Street, Ninth Floor, City Center Plaza, Oakland, California 94612, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 13, 2007, at my place of business at Oakland, California, a copy of the following document(s),

1) Notice of Motion and Motion to Strike Portions of Second Amended Complaint

2) Memorandum of Points and Authorities in Support of Motion to Strike Portions of Second Amended Complaint

3) [Proposed] Order Sustaining Motion to Strike Second Portions of Amended Complaint

was (were) placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, addressed to:

Jacqueline Williams
1062-55th Street, Apt. A
Oakland, CA 94608

*Plaintiff in Pro Per*

and that envelope was placed for collection and mailing on that date following ordinary business practices.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 13, 2007.

Konni S. Stalica

Oakland Tribune Housing Director quits amid scandal, in Berkeley

Exhibit B Page 1 of 5

## PROOF OF SERVICE BY MAIL

Superior Court of Alameda County
*Williams v. Oakland Housing Authority*, Case number RG 06-293927

I, Konni S. Stalica, certify and declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 1300 Clay Street, Ninth Floor, City Center Plaza, Oakland, California 94612, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 13, 2007, at my place of business at Oakland, California, a copy of the following document(s),

1) Notice of Motion and Motion to Strike Portions of Second Amended Complaint

2) Memorandum of Points and Authorities in Support of Motion to Strike Portions of Second Amended Complaint

3) [Proposed] Order Sustaining Motion to Strike Second Portions of Amended Complaint

was (were) placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, addressed to:

Jacqueline Williams
1062-55th Street, Apt. A
Oakland, CA 94608

*Plaintiff in Pro Per*

and that envelope was placed for collection and mailing on that date following ordinary business practices.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 13, 2007.

Konni S. Stalica

Oakland Tribune Housing Director quits amid scandal, in Berkeley

Exhibit B Page 1 of 5

**Look**Smart

FindArticles > Oakland Tribune > Jun 6, 2007 > Article > Print friendly

### using director quits amid scandal

Doug OakleySTAFF

Berkeley Housing Department director Steve Barton resigned Tuesday, the latest person to leave in the wake of a scandal that has rocked the city since the disclosure the housing authority mismanaged $25 million in federal funds, using some of it to pay rent for at least 15 dead tenants.

Barton, who worked for the city for eight years, oversaw four divisions in the housing department including the Berkeley Housing Authority, which has been in "troubled status" with the U.S. Department of Housing and Urban Development since 2002.

Berkeley has been ordered to fix the authority by July 1 or step aside so HUD can take over the rent subsidy program for 1,800 low- income residents.

Barton's resignation comes at the same time City Council Member Gordon Wozniak is pushing the formation of an independent committee to determine how the authority "became a chronic, failed agency" and why it took years to uncover staff wrongdoing.

A memo from City Manager Phil Kamlarz to Mayor Tom Bates and the city council late Tuesday says Barton resigned and Deputy City Manager Lisa Caronna will manage the department in the interim.

"We believe in holding people accountable to a high standard, and because of that we will be making some management changes as well," Kamlarz says in the memo.

on's resignation became effective immediately.

In an interview right before his resignation was announced, Barton said he "would absolutely welcome some sort of systematic, independent unbiased inquiry into the history of the housing authority and its problems. There's a lot to learn, and it's something I've thought about a lot."

He could not be reached later in the day to indicate whether he had already resigned when interviewed.

Barton, who oversaw several housing authority managers beneath him who came and went, said the agency jumped from one crisis to the next, "sometimes with multiple crises at the same time.

"The organization was taken for granted," Barton said. "The housing authority had a collection of many, many problems and we didn't solve all of the problems. There are a lot of things to be said as to how come, and if I knew then what I know now, I would have taken different approaches."

In his memo to the council, Kamlarz praised Barton for increasing the city's affordable housing, but added "it was ultimately his and my job to ensure that the low-income residents of Berkeley were well- served by their housing authority."

Two investigative reports released last month by Kamlarz and the city attorney detailed years of abuses uncovered by current housing authority manager Tia Ingram, who is being recommended to head a new agency the city wants to form to do the housing authority's duties.

The two reports recommended firing all 22 staff members, some of whom allegedly tried to obstruct an investigation of the agency.

ldition, the reports recommend dissolving the housing authority's governing body, which consists of city council members and two other Berkeley residents, and appointing a new, independent governing body.

Information about problems within the agency -- including how landlords got paid federal rent subsidies for tenants they didn't have and how

agency staff tried to impede an investigation -- has been sent to the HUD inspector general, who can then refer the matter to federal prosecutors.

One of the crises the housing authority faced was the threat of going bankrupt when market-rate rents skyrocketed during the dot- com boom and Berkeley landlords started dropping out of the program "in droves."

Under HUD's Section 8 program, the housing authority pays the difference between the actual rent and a maximum percentage of a tenant's income that goes to rent.

Funding for the authority decreased as landlords dropped out and the number of Section 8 contracts to landlords plummeted from an average of 1,800 to 1,260 in 2001.

"We did focus in on that and solve that piece of it," he said. "Now the numbers are back up to 1,800."

Barton said part of the problem in overseeing the housing authority division was that he was spread too thin.

"Berkeley is a very activist city and they want us to take on as much as is humanly possible, and many city departments are stretched in terms of what they are trying to do," Barton said. "There are tradeoffs. You can do a small number of things at a high standard of excellence or you can do more things and hopefully do them all OK."

Before Barton resigned, Wozniak, who is asking for an investigation into the agency, said the "buck really stops with the city council and the housing authority. We give directions to the city manager and the housing director. I don't think we took (problems) seriously enough."

On the other hand, Wozniak said, Barton was the manager of the department.

"To be fair, Steve was the closest in management and he was immediately responsible," Wozniak said. "From my observation, he had a very full time, he works very hard. There certainly will be people calling for Steve's firing, but that's a personnel matter. Maybe we should be fired, I don't know."

E-mail Doug Oakley at Doakley@ebdailynews.com.

c2007 ANG Newspapers. Cannot be used or repurposed without prior written permission.
Provided by ProQuest Information and Learning Company. All rights Reserved.

Oakland Tribune, about Antioch millionaire admits lying to get subsidized housing

Exhibit C Page 1 of 2



Interface language: English

Help / About | NewsBank Hom

skip navigation

- Oakland Tribune, The
**FOLDERS**
  Searches this Session
  Saved Articles
**MORE RESOURCES**
- America's News Magazines
- Special Reports
- Hot Topics

# The Oakland Tribune

### SEARCHING: Oakland Tribune, The

**[ SEARCH ]** · Advanced Search · New Search

**for:** antioch housing section 8

**return:** Most recent matches first

⦿ **timeframe:** all years

◯ **custom date:**

**Search Hints:**
To find an exact match or phrase, use quotes. Custom date example: Jan 1, 2000 - Feb 3, 2000.

---

Record 1 of 2

Back To Results | Printer Friendly | Nex

Email this Article To enter valid email address here.. **[ SEND EMAIL ]**   ☐ Save this Article

---

*Antioch millionaire admits lying to get subsidized housing*
Oakland Tribune, The (CA)
February 26, 2002
*Author: FROM STAFF REPORTS*

**Quick Links**
Find more from section "Local"
Find all articles from February 26, 2002

**Estimated printed pages: 1**

An **Antioch** woman with a million-dollar stock portfolio has admitted guilt in lying to get about $80,000 worth of **Section** subsidized **housing**, according to the U.S. Attorney's Office.

Carolyn Matthews, 43, had been indicted in December on eight counts of making false statements to the federal Department **Housing** and Urban Development. She pleaded guilty Friday to all the charges, according to a press release from the U Attorney.

It is unclear whether Matthews lived in the subsidized **housing**, said a U.S. Attorney's spokeswoman.

The maximum she could receive is five years in prison and a $250,000 fine for each count, but sentencing guidelines probably \ punish her less. She likely also will have to pay restitution for receiving the **housing** benefits, which she did not deserve, t press release said.

Matthews' lawyer did not return a call seeking comment late Monday.

Prosecutors said Matthews started receiving **housing** subsidies in 1993, when she signed a lease with Northridge Cooperat Homes, 71 Bertha Lane in San Francisco.

Each year since then, she renewed her **Section 8** eligibility.

But she failed to tell HUD that she received the deed to her parents' house in San Francisco in 1995, said a U.S. Attorn spokeswoman. Matthews also did not disclose that in 1999 she received almost $2 million in stocks from a retirement account a bought a house in **Antioch** for about $550,000, according to the release.

*Section: Local*

*(c) 2002 The Oakland Tribune. All rights reserved. Reproduced with the permission of Media NewsGroup, Inc. by NewsBank, Inc.*
*Record Number: 1381395*

OpenURL Article Bookmark (right click, and copy the link location):
Antioch millionaire admits lying to get subsidized housing

**IE USERS, CLICK**
**HERE TO BOOKMARK**

Record 1 of 2

Back To Results | Printer Friendly | Nex

Email this Article To enter valid email address here.. **[ SEND EMAIL ]**   ☐ Save this Article

*Separate addresses with , or ;*

Add Message:

Case 3:08-cv-01258-JSW   Document 2   Filed 03/03/2008   Page 89 of 103

**HUNDREDS OF VISITORS** (above) meditate Tuesday while waiting to be hugged by Amma (below) at her Mata Amritanandamayi Center in Castro Valley. She will be hugging people from today to June 13 at 10 a.m. and at 7:30 p.m.

ANNE CHADWICK — *STAFF PHOTOS*

# 'Hugging Saint' brings loving touch to Castro Valley

**By Laura Casey**
STAFF WRITER

CASTRO VALLEY — Amma's embrace is like no other.

In her native India, hundreds of thousands of people line up for a hug from Mata Amritanandamayi, better known as Amma the "hugging saint."

In the Bay Area, where Amma is visiting now until June 15, up to 10,000 people are expected to wait for hours to kneel at her feet and receive an embrace.

People cry as they lean against her shoulder. They often end the hug stunned and forever changed, they say.

San Francisco resident Sharanjit Sandhu, a yoga instructor, clearly remembers her first hug. She received it seven years ago, during one of Amma's twice-annual visits to the Bay Area that

year.

"You can feel a transmission from her hug," Sandhu said Tuesday as she waited her turn for a second embrace from Amma. "It stays with you for a while. It softens you. It brings you back to your original nature. You feel at peace."

For Mill Valley resident Jerry Burt, the experience is nourishing. Burt, who works for a vitamin company, visits with Amma each time she comes to the the M.A. Center in Castro Valley, a spiritual retreat center. She quiets him. She calms him. She makes him feel restful.

"It was surprising because I felt so relaxed after the hug and that is something I don't normally feel," he said of

Please see **HUG, News 11**



---

# Housing director quits amid scandal

■ Berkeley official oversaw agency that allegedly mismanaged $25 million

**By Doug Oakley**
MEDIANEWS STAFF

Berkeley Housing Department director Steve Barton resigned Tuesday, the latest person to leave in the wake of a scandal that has rocked the city since the disclosure the housing authority mismanaged $25 million in federal funds, using some

of it to pay rent for at least 15 dead tenants.

Barton, who worked for the city for eight years, oversaw four divisions in the housing department including the Berkeley Housing Authority, which has been in "troubled status" with the U.S. Department of Housing and Urban Development since 2002.

Berkeley has been ordered to fix the authority by July 1 or step aside so HUD can take over the rent subsidy program for 1,800 low-income residents.

Barton's resignation comes at the same time City Council Member Gordon Wozniak is pushing the formation of an independent committee to determine how the authority "became a chronic, failed agency" and why it took years to uncover staff wrongdoing.

A memo from City Manager Phil Kamlarz to Mayor Tom Bates and the city council late Tuesday says Barton resigned and Deputy City Manager Lisa Caronna will manage the department in the interim.

Please see **QUIT, News 11**

---

# Oakland give Wayans Bro another cha

■ Film production studio the hallmark of proposed development

**By Cecily Burt**
STAFF WRITER

OAKLAND — After early fumbles, the Wayans brothers are getting a second chance to prove they can deliver a world-class arts and entertainment development to West Oakland.

Keenen Ivory Wayans, brother of film stars Marlon, Shawn and Damon and the creative comedic mind behind the the wildly popular "In Living Color" movies "Little Man" and "White Chicks," left nothing to chance. He and his development partner, Britten Shuford of Pacifica Capital Group, flew to Oakland last month to make their personal pitch to Mayor Ron Dellums and the Oakland City Council. Shuford made the

rounds wi members \(\)

The me vincing Oal despite an gress on th film studio caused by ally had be the scenes will put O a really go

Shufor went "very many cou way too, a will come prove an e agreemen Brothers o

Council (Downtow after meet

Please

---

pared to push it through to Gov.
Arnold Schwarzenegger. Notably, Perata authored the bill that led to the Oakland school district takeover in 2003.

The Republican governor, however, has not taken a posi-

together a th
parent proo
sures of con
transfer can
Swanson sa

Please

---

## INSIDE

By Doug Oakley
MEDIANEWS STAFF

Berkeley Housing Department director Steve Barton resigned Tuesday, the latest person to leave in the wake of a scandal that has rocked the city since the disclosure that has rocked the city since the disclosure $25 million in federal funds, using some

---

### INSIDE

Comics ........................
Lecoik ...................... Class 3

---

### INSIDE

........................ q 8
........................ Class 3

---

## Rep. Lee highlights food-star

■ Oakland Democrat subsisting on

...have, the women and security of the nation in their hands, have a special obligation to not do anything that might create a problem," the judge said.

# Berkeley official quits amid housing scandal

▶ **QUIT,** from News 1    June 6, 07 Lwall

terim.

"We believe in holding people accountable to a high standard, and because of that we will be making some management changes as well," Kamlarz says in the memo.

Barton's resignation became effective immediately.

In an interview right before his resignation was announced, Barton said he "would absolutely welcome some sort of systematic, independent unbiased inquiry into the history of the housing authority and its problems. There's a lot to learn, and it's something I've thought about a lot."

He could not be reached later in the day to indicate whether he had already resigned when interviewed.

Barton, who oversaw several housing authority managers beneath him who came and went, said the agency jumped from one crisis to the next, "sometimes with multiple crises at the same time.

"The organization was taken for granted," Barton said. "The housing authority had a collection of many, many problems and we didn't solve all of the problems. There are a lot of things to be said as to how come, and if I knew then what I know now, I would have taken different approaches."

In his memo to the council, Kamlarz praised Barton for increasing the city's affordable housing, but added "it was ultimately his and my job to ensure that the low-income residents of Berkeley were well-served by their housing authority."

Two investigative reports released last month by Kamlarz and the city attorney detailed years of abuses uncovered by current housing authority manager Tia Ingram, who is being recommended to head a new agency the city wants to form to do the housing authority's duties.

The two reports recommended firing all 22 staff members, some of whom allegedly tried to obstruct an investigation of the agency.

In addition, the reports recommend dissolving the housing authority's governing body, which consists of city council members and two other Berkeley residents, and appointing a new, independent governing body.

Information about problems within the agency — including how landlords got paid federal rent subsidies for tenants they didn't have and how agency staff tried to impede an investigation — has been sent to the HUD inspector general, who can then refer the matter to federal prosecutors.

One of the crises the housing authority faced was the threat of going bankrupt when market-rate rents skyrocketed during the dot-com boom and Berkeley landlords started dropping out of the program "in droves."

Under HUD's Section 8 program, the housing authority pays the difference between the actual rent and a maximum percentage of a tenant's income that goes to rent.

Funding for the authority decreased as landlords dropped out and the number of Section 8 contracts to landlords plummeted from an average of 1,800 to 1,260 in 2001.

"We did focus in on that and solve that piece of it," he said. "Now the numbers are back up to 1,800."

Barton said part of the problem in overseeing the housing authority division was that he was spread too thin.

"Berkeley is a very activist city and they want us to take on as much as is humanly possible, and many city departments are stretched in terms of what they are trying to do." Barton said. "There are tradeoffs. You can do a small number of things at a high standard of excellence or you can do more things and hopefully do them all OK."

Before Barton resigned, Wozniak, who is asking for an investigation into the agency, said the "buck really stops with the city council and the housing authority. We give directions to the city manager and the housing director. I don't think we took (problems) seriously enough."

On the other hand, Wozniak said, Barton was the manager of the department.

"To be fair, Steve was the closest in management and he was immediately responsible." Wozniak said. "From my observation, he had a very full plate, he works very hard. There certainly will be people calling for Steve's firing, but that's a personnel matter. Maybe we should be fired. I don't know."

E-mail Doug Oakley at Doakley@ebdailynews.com.

---

ANG CRABB — Staff

...hug Tuesday with Amritanandamayi astro Valley.

...t?" she replied. She ...this world is made of ...st beautiful and pure ...e.

...ure love transforms ...said.

...esday was not ...d circumstance. She ...back seat of a tan ...two-story wooden ...lins the hands of fol-

...maximum eyes of followers who have waited hours for their chance at meeting and hugging Amma.

Amma usually first hugs people who have never received a hug from her — or darshan as her followers call it — before hugging repeat visitors.

She will be hugging people from today until June 13, starting at 10 a.m. and at 7:30 p.m. She will not appear June 11. Her final Bay Area public program will be at 7 p.m. June 15.

The M.A. Center is at 10200 Crow Canyon Road in Castro Valley. Call (510) 537-9417 for more information.

You can e-mail Laura Casey at lcasey@angnewspapers.com or call her at (925) 416-4860.

1062-55ᵗʰ Street, Apt A
Oakland, Ca. 94608

ENDORSED
FILED
ALAMEDA COUNTY

SEP 14 2007

CLERK OF THE SUPERIOR COURT
By Esther Coleman, Deputy

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Williams

Case No: RG06293927
Update Case Management Conference

    Plaintiff/Petitioner(s)

Vs

Housing Authority of the City of Oakland

    Defendant/Respondent(s)
-----------------------------------------------

Plaintiff, received order from Judge Winifred Y. Smith and wondering why the Judge Winifred Y. Smith, order **Motion to Strike Dropped**. Plaintiff object to the motion, plaintiff was in court on September 7, 2007, dept 8 (See copy) of paper from the court.

Counsel Diamond is this case had not showed any proof where plaintiff being lying in this case, but plaintiff asks the judge in this case several time to sanction Counsel Diamond for racisms remark toward plaintiff, plaintiff feel that the Judge Winifred Y. Smith, is taking side, which is not wrong.

In addition, plaintiff is not stupid and read the order from Judge Winifred Y. Smith for the next Case Management Conference. Plaintiff will contact Judicial System in San Francisco and filed a complaint (See copy) of the next **Case Management Conference continuance** on **October 15, 2007**. Plaintiff, feel some one is playing games with the hearing, and plaintiff feel Counsel Diamond have something to do with it or the staff of the City of Oakland.

In addition, plaintiff want to let Judge Winifred Y. Smith know this is one of the reasons why an individual like plaintiff do not trust the system. In addition, the decision is in this case is the proof of how the system is mess-up and to win you need to be a criminal or a lies.

I declare under penalty under the law of the State of California that foregoing is true and correct.

Dated: 13 of September 2007

Jacqueline Williams, In Pro Se

Jacqueline Williams
1062 -55th Street
#A
Oakland, CA   94608-____

Goldfarb & Lipman LLP
Attn: Diamond, James T.
1300 Clay Street, Ninth Floor
City Center Plaza
Oakland, CA   94612

## Superior Court of California, County of Alameda
## Wiley W. Manuel Courthouse

| | |
|---|---|
| Williams<br><br>Plaintiff/Petitioner(s)<br>VS.<br><br>Housing Authority of the City of Oakland<br><br><br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. <u>RG06293927</u><br><br><br>NOTICE OF HEARING (AMENDED)<br><br>Civil Law and Motion on 09/07/2007 has been<br>vacated and rescheduled. |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Civil Law and Motion:  Motion to Strike

You are hereby notified to appear at the following Court location on the date and time noted below:

Civil Law and Motion:
DATE: 09/07/2007    TIME: 09.30 AM    DEPARTMENT: 8
LOCATION:  Rene C. Davidson Alameda County Courthouse, Fifth Floor
            1225 Fallon Street, Oakland

Dated:  08/14/2007

Executive Officer / Clerk of the Superior Court

By      _Yvonne Baggell_

Deputy Clerk

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/14/2007.

By      _Yvonne Baggell_

Deputy Clerk

Jacqueline Williams
1062 -55th Street
#A
Oakland, CA  94608-____

Goldfarb & Lipman LLP
Attn: Diamond, James T.
1300 Clay Street, Ninth Floor
City Center Plaza
Oakland, CA  94612

## Superior Court of California, County of Alameda
## Wiley W. Manuel Courthouse

| Williams | No. RG06293927 |
|---|---|
| Plaintiff/Petitioner(s) | |
| VS. | |
| Housing Authority of the City of Oakland | NOTICE OF HEARING (AMENDED) |
| | Case Management Conf Continuance on 10/15/2007 has been vacated and rescheduled. |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Case Management Conf Continuance

You are hereby notified to appear at the following Court location on the date and time noted below:

Case Management Conf Continuance:
DATE: 10/15/2007    TIME: 09:00 AM    DEPARTMENT: 8
LOCATION: Rene C. Davidson Alameda County Courthouse, Fifth Floor
1225 Fallon Street, Oakland

Dated: 08/22/2007

Executive Officer / Clerk of the Superior Court

By  *Alian William* digital

Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING
I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 08/24/2007.

By  *Alian William* digital

Deputy Clerk

Jacqueline Williams
1062 -55th Street
#A
Oakland, CA   94608-____

Goldfarb & Lipman LLP
Attn: Diamond, James T.
1300 Clay Street, Ninth Floor
City Center Plaza
Oakland, CA   94612

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Williams<br><br>                   Plaintiff/Petitioner(s)<br><br>        VS.<br><br>Housing Authority of the City of Oakland<br>                 Defendant/Respondent(s)<br>     (Abbreviated Title) | No. RG06293927<br><br>Order<br><br>Motion to Strike<br>Dropped |

The Motion to Strike was set for hearing on 09/07/2007 at 09:30 AM in Department 8 before the Honorable Winifred Y. Smith. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The unopposed motion to strike by Defendant Oakland Housing Authority is DROPPED as moot in light of the Court's ruling on Defendant's demurrer.

Dated: 09/07/2007

*Facsimile*
Winifred Y. Smith

Judge Winifred Y. Smith

Order

Jacqueline Williams
1062 -55th Street
#A
Oakland, CA   94608-____

Goldfarb & Lipman LLP
Attn:  Diamond, James T.
1300 Clay Street, Ninth Floor
City Center Plaza
Oakland, CA   94612

## Superior Court of California, County of Alameda
## Wiley W. Manuel Courthouse

| | |
|---|---|
| Williams                                    Plaintiff/Petitioner(s)<br><br>VS.<br><br>Housing Authority of the City of Oakland | No. RG06293927<br><br><br>NOTICE OF HEARING (AMENDED)<br><br>Case Management Conf Continuance on<br>10/19/2007 has been vacated and rescheduled. |
| Defendant/Respondent(s)<br>(Abbreviated Title) | |

627-
472

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Case Management Conf Continuance

You are hereby notified to appear at the following Court location on the date and time noted below:

Case Management Conf Continuance:
DATE: 10/15/2007   TIME: 09:00 AM   DEPARTMENT: 114
LOCATION:  Wiley W. Manuel Courthouse, Sixth Floor
            661 Washington Street, Oakland

Dated:  07/25/2007

Executive Officer / Clerk of the Superior Court

By    _Yvonne Baggell_ digital
_____
Deputy Clerk

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/25/2007.

By    _Yvonne Baggell_ digital
_____
Deputy Clerk

| | |
|---|---|
| 1 | LEE C. ROSENTHAL, State Bar # 058778 |
| | JAMES T. DIAMOND, JR., State Bar #131525 |
| 2 | GOLDFARB & LIPMAN LLP |
| | 1300 Clay Street, Ninth Floor |
| 3 | City Center Plaza |
| | Oakland, CA 94612 |
| 4 | Telephone: (510) 836-6336 |
| | Facsimile: (510) 836-1035 |
| 5 | |
| | Attorneys for Defendant |
| 6 | HOUSING AUTHORITY OF |
| | THE CITY OF OAKLAND |
| 7 | |

<div align="center">

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

</div>

| | | |
|---|---|---|
| 10 | JACQUELINE WILLIAMS, in pro per, | Case No.: RG 06 293927 |
| 11 | | |
| | Plaintiff, | DEFENDANTS' REPLY STATEMENT IN |
| 12 | | SUPPORT OF ITS DEMURRER TO |
| | | PLAINTIFF'S SECOND AMENDED |
| 13 | vs. | COMPLAINT |
| 14 | | Date:      September 7, 2007 |
| | | Time:      9:30 a.m. |
| 15 | OAKLAND HOUSING AUTHORITY | Dept:      D-8 |
| | | Reservation #: R732731 |
| 16 | Defendant(s). | |
| | | ASSIGNED FOR ALL PURPOSES TO |
| 17 | | JUDGE Winifred Y. Smith |
| | | DEPARTMENT D-8 |
| 18 | | |

19    On July 13, 2007, defendant the Housing Authority of the City of Oakland ("Defendant")

20    filed a demurrer to the Second Amended Complaint (SAC) filed by Plaintiff Jacqueline Williams

21    ("Plaintiff"). In its memorandum of points and authorities in support of its demurrer, Defendant

22    established that Plaintiff's Second Amended Complaint did not cure any of the deficiencies in the

23    allegations of the original complaint or the First Amended Complaint. Defendant established

24    that the Second Amended Complaint should be dismissed without leave to amend on the

25    alternate grounds that the SAC was uncertain, on the grounds that Plaintiff failed to comply with

26    the Tort Claims Act, and on the grounds that Plaintiff failed to state facts sufficient to allege

27    causes of action for either libel or a violation of the Unruh Civil Rights Act.

28    On August 7, 2007, Plaintiff filed a Case Management Statement, which included a

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
California 94612
(510) 836-6336
(510) 836-1035 FAX

1   separate document entitled, "Plaintiff Object Opposing Motion to Strike Portions of Second

2   Amended Complaint."  On August 10, 2007, Plaintiff filed an "updated" Case Management

3   Statement.  It does not appear from Defendant's review of these documents that Plaintiff makes

4   any response to Defendant's demurrer among the many documents attached to these filings by

5   Plaintiff.

6       Accordingly, for all the reasons set forth in the Defendant's memorandum of points and

7   authorities in support of its demurrer, this Court should sustain Defendant's demurrer to

8   Plaintiff's Second Amended Complaint without leave to amend.

9   DATED:  August 30, 2007                    GOLDFARB & LIPMAN LLP

10

11

12                                        By: _____
                                              JAMES T. DIAMOND, JR.
13                                            Attorneys for Defendant
                                              HOUSING AUTHORITY OF
14                                            THE CITY OF OAKLAND

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
California 94612
(510) 836-6336
(510) 836-1035 FAX

## PROOF OF SERVICE BY MAIL

Superior Court of Alameda County
*Williams v. Oakland Housing Authority*, Case number RG 06-293927

I, Konni S. Stalica, certify and declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 1300 Clay Street, Ninth Floor, City Center Plaza, Oakland, California 94612, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 30, 2007, at my place of business at Oakland, California, a copy of the following document(s),

**Defendants' Reply Statement in Support of its Demurrer to Plaintiff's Second Amended Complaint**

was (were) placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, addressed to:

Jacqueline Williams
1062-55th Street, Apt. A
Oakland, CA 94608

*Plaintiff in Pro Per*

and that envelope was placed for collection and mailing on that date following ordinary business practices.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 30, 2007.

Konni S. Stalica

1   LEE C. ROSENTHAL, State Bar # 058778
    JAMES T. DIAMOND, JR., State Bar #131525
2   GOLDFARB & LIPMAN LLP
    1300 Clay Street, Ninth Floor
3   City Center Plaza
    Oakland, CA 94612
4   Telephone: (510) 836-6336
    Facsimile: (510) 836-1035
5
    Attorneys for Defendant
6   HOUSING AUTHORITY OF
    THE CITY OF OAKLAND
7
                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
8
                     IN AND FOR THE COUNTY OF ALAMEDA
9

10
    JACQUELINE WILLIAMS, in pro per,              Case No.: RG 06 293927
11
                          Plaintiff,              DEFENDANTS' REPLY STATEMENT IN
12                                                SUPPORT OF ITS MOTION TO STRIKE
                                                  PORTIONS OF SECOND AMENDED
13                vs.                             COMPLAINT

14                                                Date:      September 7, 2007
                                                  Time:      9:30 a.m.
15  OAKLAND HOUSING AUTHORITY                     Dept:      D-8
                                                  Reservation #: R732731
16                        Defendant(s).
                                                  ASSIGNED FOR ALL PURPOSES TO
17                                                JUDGE Winifred Y. Smith
                                                  DEPARTMENT D-8
18

19        On July 13, 2007, defendant the Housing Authority of the City of Oakland ("Defendant)

20  filed a motion to strike portions of the Second Amended Complaint filed by Plaintiff Jacqueline

21  Williams ("Plaintiff"). In its memorandum of points and authorities in support of its motion to

22  strike, Defendant established that portions of Plaintiff's Second Amended Complaint (SAC)

23  should be stricken because these allegations contain irrelevant, improper and inflammatory

24  language that should be stricken, and improperly seeks punitive damages against a public entity.

25        On August 7, 2007, Plaintiff filed a document entitled, "Plaintiff Object Opposing

26  Motion to Strike Portions of Second Amended Complaint." The document is difficult to follow;

27  appears to have a page missing; repeats many of the same irrelevant, improper and inflammatory

28  statements from the SAC; and in places is incoherent. Nor does Plaintiff's document respond to

The Law Offices of
Goldfarb & Lipman

1300 Clay Street
Ninth Floor
City Center Plaza
Oakland
California 94612
(510) 836-6336
(510) 836-1035 FAX

1   the legal arguments raised by the Defendant in its motion to strike.

2   Accordingly, for all the reasons set forth in the Defendant's memorandum of points and

3   authorities in support of its motion to strike, this Court should grant the Authority's motion to

4   strike portions of Plaintiff's Second Amended Complaint without leave to amend.

5   DATED: August 30, 2007                              GOLDFARB & LIPMAN LLP

6

7
                                              By:   _Jaures Diamond_
8                                                   JAMES T. DIAMOND, JR.
                                                    Attorneys for Defendant
9                                                   HOUSING AUTHORITY OF
                                                    THE CITY OF OAKLAND
10

11

12

13

14

15

16

17

18

19

20

21

22

23

The Law Offices of   24
Goldfarb & Lipman

25
1300 Clay Street
Ninth Floor           26
City Center Plaza
Oakland               27
California 94612
(510) 836-6336        28
(510) 836-1035 FAX

## PROOF OF SERVICE BY MAIL

Superior Court of Alameda County
*Williams v. Oakland Housing Authority*, Case number RG 06-293927

I, Konni S. Stalica, certify and declare as follows:

I am over the age of 18 years, and not a party to this action. My business address is 1300 Clay Street, Ninth Floor, City Center Plaza, Oakland, California 94612, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 30, 2007, at my place of business at Oakland, California, a copy of the following document(s),

**Defendants' Reply Statement in Support of its Motion to Strike Portions of Second Amended Complaint**

was (were) placed for deposit in the United States Postal Service in a sealed envelope, with postage fully prepaid, addressed to:

Jacqueline Williams
1062-55th Street, Apt. A
Oakland, CA 94608

*Plaintiff in Pro Per*

and that envelope was placed for collection and mailing on that date following ordinary business practices.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 30, 2007.

Konni S. Stalica

**Oakland Housing Authority**

☐ 1619 Harrison St
Oakland, CA 94612
(510) 587-2100

☑ 1805 Harrison St
Oakland, CA 94621
(510) 587-2100

FEB 22 2008

L.H. Date Stamp

# OHA Leased Housing Document Receipt

OHA Receiving Employee Initials _Q.S_

Name of Head of Household: _Jacqueline Williams_     Client #: _404548_

Address: (Optional)

**Phone Numbers:**
Cell : (   )
Home: _510_ _N/A_
Work: (   )

There may be a minimal reproduction charge of $.05 per page.

| SECTION 1: FORMS | | SECTION 2: INCOME & ASSET INFORMATION | |
|---|---|---|---|
| **RECERTIFICATION (RX) PACKET:** | ☐ | Bank Statements/ Tax Information | ☐ |
| 1.  Personal Declaration | ☐ | Child Support/ GA/ Pension/ SSI/ SDI | ☐ |
| 2.  Income & Asset Statement | ☐ | EDD/ TANF/ CAPI | ☐ |
| 3.  HUD 9886 | ☐ | Employment Verification/ Pay Stubs | ☐ |
| 4.  IRS 4506 | ☐ | Support Payments: Relatives & Friends | ☐ |
| 5.  OHA Authorization to Release | ☐ | Zero Income | ☐ |
| **OTHER FORMS:** | | **SECTION 3: LEGAL IDENTITY VERIFICATION** | |
| Criminal History | ☐ | Birth Certificate | ☐ |
| Notice of Intent to Vacate | ☐ | Employer Identification Card | ☐ |
| Mutual Agreement | ☐ | Identification Card/ Driver's License | ☐ |
| Portability | ☐ | Social Security Card | ☐ |
| Reasonable Accommodation Request | ☐ | U.S. Military Identification Card | ☐ |
| Status Request/ Change of Address | ☐ | U.S. Passport | ☐ |
| Section 8 Amendment | ☐ | Permanent Resident Identification Card | ☐ |
| 214 Declaration of Citizenship | ☐ | Adoption Papers/ Custody Papers | ☐ |
| Domestic Violence, Dating Violence or Stalking | ☐ | Baptismal Certificate | ☐ |

| SECTION 4: DEDUCTION VERIFICATION | | SECTION 5: MISCELLANEOUS | |
|---|---|---|---|
| Childcare Verification | ☐ | Death Certificate | ☐ |
| Medical Expenses | ☐ | Billing Statements | ☐ |
| School Verification | ☐ | Portability Packets | ☐ |
| | | Other Written Statements (Please Specify): | ☒ |

| SECTION 6: OWNER DOCUMENTS | | COMMENTS: |
|---|---|---|
| Payment Ownership Declaration Form | ☐ | |
| Direct Deposit | ☐ | ---------------------------------------------------- |
| W-9 IRS | ☐ | |
| Rent Adjustment Requests | ☐ | ---------------------------------------------------- |
| Abatement Repair Requests | ☐ | |

587-2179

This document to be forwarded to team _02r Noemi Almaraz_

Original-Requestor                Canary-L.H. Team                Pink-Customer Service

_Teela Carpenter_

587-2180

LH0701 (Revised 12/2007)
OHA-292028